**People of the State of Illinois, Plaintiff-Appellee, v. Richard W. Mitchell, Defendant-Appellant.**

Gen. No. 10,910.

Fourth District.

February 13, 1969.

John J. Casey, Public Defender, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield (Charles H. Delano, Assistant State's Attorney, of counsel), for appellee.

TRAPP, P. J.

A jury returned a verdict of guilty upon a charge of armed robbery, and defendant appeals the judgment of conviction.

It is urged that the trial court erred in failing to require the State's Attorney to produce statements allegedly taken by police officers from certain witnesses and in permitting a sheriff's investigator to testify to misleading matter.

■ The first issue is reviewed in the light of the rule in People v. Durso, 40 Ill2d 242, 239 NE2d 842, and People v. Golson, 37 Ill2d 419, 226 NE2d 610, which holds that statements written down in the words of the witness, or substantially in verbatim language of such witness, must on motion by defendant be produced for purposes of impeachment of the witness. These authorities agree that the defendant must establish the fact that such transcript of the witness' statement in fact exists as a preliminary foundation.

The victim of the robbery, Mrs. Bryant, testified that on the evening of the event and subsequent to the robbery she went to the sheriff's office and reported the circumstances. Asked whether her statements and description were written down, she replied, ". . . I am not sure, but I think so." Defendant then made demand for such report by the witness. The State's Attorney advised that there was no such item in his file.

Upon cross-examination, Mrs. Bryant testified that she did not know the name of the sheriff's officer to whom she made the report. She testified it was not either of two officers whose names were suggested to her. The record does not show whether a form of duty or assignment record in the sheriff's office would establish the identity of the officer to whom the report was made.

Beard and Burton testified for the prosecution. Each identified himself as accompanying the defendant in the foray, and in sharing the spoils, and described the robbery in substantially the same detail as did Mrs. Bryant. The State's Attorney provided the statements of each, dated January 7, 1966, typewritten and signed, to defendant's counsel as soon as the first, Beard, had testified in chief. These statements were taken by two officers of the City of Springfield in another county where Beard and Burton were incarcerated incident to the investigation of other matters. Neither officer testified at the trial. On cross-examination Beard testified that his

52

statement was made and signed on January 7, 1966. Burton was not asked concerning the details of making his statement. Neither witness was asked by defendant concerning any other statements made by the witnesses to the police officers. We find no motion or request by defendant at the trial for any statements or notes of the police officers concerning the interview with these witnesses other than those supplied.

Incident to a motion for a new trial, defendant procured the testimony of the city police officers who obtained the statements of Beard and Burton. In substance, they testified that they interviewed the witnesses on January 5, 1966, but made only mental notes, and that written statements were taken on January 7th. They also testified that they had no notes or memorandum of any interview with Mrs. Bryant. The record suggests that the police file was produced and examined, and that no such memoranda were found.

In response to the motion for a new trial, the State's Attorney filed an affidavit that all statements, reports and memoranda prepared by investigative officers and known to him, or to his office, had been supplied to defendant during the trial.

 Upon this record, we conclude that the defendant has failed to establish as preliminary foundation the existence of any statements, investigative notes or memoranda which the State failed to produce for purposes of impeaching the witnesses.

Defendant relies upon the opinion in People v. Jolliff, 31 Ill2d 462, 202 NE2d 506. As was pointed out in the Golson opinion, in Jolliff as well as in People v. Cole, 30 Ill 375, 196 NE2d 691, the existence of the statements or memoranda was not disputed. Here, as in Golson and as in People v. Lanier, 98 Ill App2d 89, 240 NE2d 288 (1st Dist 1968), the State's Attorney denied the existence of the document.

Defendant urges that the court erred in admitting into evidence the testimony of a sheriff's investigator who identified a subpoena issued for one Schumate to testify as a witness for the prosecution, and testimony that the sheriff's office had been unable to procure service of the subpoena upon such witness in Sangamon County.

At the trial, the novel objection was made, "If he wants a bench warrant, let him issue a bench warrant. He just wants to explain why his witness isn't around." Here, the more recognizable argument is made that immaterial and irrelevant testimony gave a false impression to the jury, i. e., that the jury would believe that the witness, if present, would corroborate the witnesses for the prosecution.

Schumate, with a Springfield address, was named in a list of witnesses who might be called by the State. Defendant's motion for a list of witnesses was filed November 16, 1966, and the list was filed November 22, 1966. The testimony of defendant's "accomplices" is that on the afternoon preceding the robbery they went to the home of Schumate at the address stated on the witness list and borrowed the gun that was used by the defendant in the robbery.

At the motion for a new trial, defendant's counsel subpoenaed one Pickett, the sheriff's chief investigator, and certain files which showed that on November 1, 1966, the Sheriff's office of Sangamon County received a warrant for service issued in Cook County for the arrest of Schumate. Such warrant indicated a Chicago address for the man. From this circumstance, defendant argues that the prosecution did not really intend to have Schumate appear and testify, and contends that Pickett should have issued the subpoena for service in Cook County. There is no evidence which suggests that the sheriff's deputy procures the issuance of subpoenas for the State's Attorney, and the fact that a Cook County warrant was sent to Sangamon County for service on

54

Schumate shortly prior to the date the list of witnesses was furnished defendant, leads to the conclusion that Chicago was not the most likely place to find the witness.

These facts do not bring this case, as is argued by the defendant, within the rule of Miller v. Pate, 386 US 1, 17 L Ed2d 690, and Napue v. Illinois, 360 US 264, 3 L Ed2d 1217, wherein the prosecution permitted false testimony before the jury to go uncorrected.

There is no issue of the credibility of a witness who testified before the jury as in Napue. The testimony at issue is not vital to the case for the prosecution, nor do we find a deliberate misrepresentation to the jury as was found in Miller v. Pate.

It appearing that there is no substantial error capable of resulting in a miscarriage of justice, the judgment is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.