## TERRELL v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 2343.

1. **Indictment and information** ⚖==87(2)—**Indictment for violation of law requiring retail liquor dealer tax during 1924 before November 24, not demurrable.**

In prosecution for carrying on business of retail liquor dealer without having paid special tax required by law, demurrer to indictment which advised that accused was charged with offense in 1924, before November 24 of that year, *held* properly overruled, in view of Rev. St. § 1025 (Comp. St. § 1691), especially where trial record affirmatively showed that accused knew time and circumstances and suffered no prejudice from lack of more definite statement as to date.

2. **Witnesses** ⚖==282¾—**Interrogatories of accused by court, bringing out previous interview with judge amounting to confession of guilt, held error.**

In prosecution of retail liquor dealer for not having paid special tax, examination of accused after denying guilt, by court from bench, which amounted to testimony of judge in form of questions, and brought out a previous interview of accused with him, at which accused practically confessed guilt, *held* error; matters being provable by judge as witness, but not by interrogatories from bench.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

H. M. Terrell was convicted of carrying on the business of a retail liquor dealer without having paid the special tax required by law, and he brings error. Reversed.

Lively & Stambaugh and Lon H. Kelly, all of Charleston, W. Va., for plaintiff in error.

Elliott Northcott, U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The defendant was convicted on an indictment charging that he "on the —— day of ——, in the year 1924, and from thence until and on

the ——— day of ———, in the year 19—, at Charleston aforesaid, in the county of Kanawha * * * unlawfully and feloniously did carry on the business of a retail liquor dealer, without having paid the special tax therefor as required by law."

[1] Error is assigned in overruling the demurrer to the indictment for indefiniteness in the statement of the date of the offense. The indictment advised the defendant of the charge that in 1924, before November 24 of that year, when the indictment was returned by the grand jury, he had been carrying on the business of a retail liquor dealer without paying the special tax. Moreover the record of the trial shows affirmatively that the defendant knew the time and circumstances, and that he suffered no prejudice for lack of a more definite statement of the date. The demurrer was properly overruled. Revised Statutes, § 1025, (Comp. St. § 1691); Ledbetter v. United States, 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162.

[2] After the defendant had testified, denying altogether that he had kept or sold intoxicating liquors, the trial judge asked the witness several questions. The questions and answers are thus set out in the record:

"Q. (The Court) Didn't you call me up some three or more weeks ago and ask me if you could see me at my office? A. Yes, sir.

"Q. And didn't you come up to my office? A. Yes, sir.

"Q. And didn't you tell me this same story that you tell here—you told me that that morning? A. Judge McClintic, I have never been in trouble—I have never been in trouble before, and I asked you—

"Q. Just answer the question. A. No, sir; I told you that I could if you would let me—

"Q. Well, just answer the question and then make your explanation. A. I think I told you the same thing as nearly as I can remember.

"Q. Didn't you tell me—when I asked you to tell the whole story, after you had asked me to let you off, I told you that if you would tell me the whole truth about the matter I would consider what I would do? Yes, sir.

"Q. And didn't you tell me then that it would involve too many people to tell the truth, besides yourself, and that you could not afford to tell the whole truth about the matter? A. I think I told you practically that, and I think this morning that I have reiterated practically what I tried to tell you then, sir.

"Q. And didn't I say to you at that time that if you wanted to do what was right you would tell the truth about it, no matter who it involved, and that I felt sure you had been selling liquor, and that you replied that you would not tell the truth, because you felt that it would involve so many people, and that you would rather take your punishment than tell the truth.

"Mr. Kelly: We want an exception to all that the court is saying.

"The Court: I have no objections to your making any exceptions you want.

"Q. (The Court) Didn't you tell me that in so many words? A. I could not say that I told you in exactly that language, but I tried to make myself plain to you, because I felt that I was not guilty in the sense that I was charged.

"The Court: That is all."

It is the right and duty of a federal judge to elicit by questions the relevant facts when they have not been brought out by counsel. But a judge cannot testify in the form of questions. "If a judge has in his possession evidences of a defendant's guilt or innocence they can be adduced for or against him only by examination and cross-examination of the judge on the witness stand at a trial presided over by another judge. It seems clear beyond argument that it would be fatal to any conviction of crime that it was founded on references by the trial judge to facts within his knowledge. Indeed, a judge presiding at a trial is not a competent witness, for the duties of a judge and a witness are incompatible. If he testifies he would have to pass upon the competency of his own testimony; and as a witness he might be regarded a partisan, and would be subject to embarrassing conflicts with counsel. The danger to the dignity of the bench, of subjecting its impartiality to doubt and of placing the defendant at an unfair disadvantage by admitting the presiding judge as a witness is very obvious. People v. Dohring, 59 N. Y. 374, 17 Am. Rep. 349; Rogers v. State, 60 Ark. 76, 29 S. W. 894, 31 L. R. A. 465, 46 Am. St. Rep. 154; Estes v. Bridgforth, 114 Ala. 221, 21 So. 512; 23 Cyc. 589." Lepper v. United States, 233 F. 227, 230, 147 C. C. A. 233, 236.

It is plain that in this examination the judge in effect said to the jury that the defendant had, in an interview with him before the trial, intimated his guilt, and that in the interview the judge had told the defend-

ant he knew him to be guilty. Such an interview was in the nature of a confession by the defendant. It could be proved by the judge as a witness, but not in the form of interrogatories from the bench.

Reversed.