(No. 34218.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FREDERICK MOSES, Plaintiff in Error.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

EUCLID LOUIS TAYLOR, and HOWARD T. SAVAGE, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, and EDWARD EGAN, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Frederick Moses, the defendant in this case, was indicted with William Perkins and Edward Gaston in the criminal court of Cook County for the crime of armed robbery. Moses was tried separately. A jury found him guilty and he was sentenced to imprisonment in the penitentiary for a term of not less than ten nor more than twenty years. The case is here on writ of error.

The principal issue at the trial was the identity of Moses as a participant in a tavern hold-up on September 11, 1953. The proprietor of the tavern, one of his employees, and one of the dozen or so patrons who were there at the time identified him as one of the robbers. His defense was an alibi, testified to by a woman who owned another tavern that Moses managed for her, her 17-year-old son, an uncle of Moses who worked part time for Moses at the tavern, and an employee of the city of Chicago who was not related to Moses, but frequented his tavern. Moses took the stand and denied participation in the hold-up, or knowledge of it.

The car that was used in the hold-up was identified as a cream colored Cadillac or Buick. Moses owned a cream colored Cadillac, and was arrested in it with Gaston and Perkins. Gaston, who had pleaded guilty and was serving his sentence, testified that he, Perkins and a third man, John Davis, had taken the defendant's car without his knowledge and had committed the robbery. He testified that Moses did not take part in the crime and had no knowledge of it. The defendant contends that the evidence did not establish his guilt beyond a reasonable doubt, but we do not pass on that question because the case must be tried again.

Gaston's testimony on direct examination exonerated Moses. On cross-examination he was asked whether he did not that morning state to the prosecutors in the presence of penitentiary guards that Moses participated in the crime. He answered in the negative. Defendant contends that the court erred in overruling his objections to these questions.

Evidence of prior inconsistent statements by a witness is admissible to impeach his credibility. (*People v. Smith,* 391 Ill. 172, 176.) Such evidence is not admitted as proof of the truth of the facts stated out of court, but to cast doubt on the testimony of the witness by showing his inconsistency, and an instruction to that effect should be given upon request. (McCormick, Evidence, 73; 3 Wigmore on Evidence, sec. 1018.) It is therefore not hearsay. We have followed the orthodox rule of *The Queen's Case,* 2 B. & B. 313, and have required that before a witness may be impeached by his prior inconsistent statement he must be alerted concerning it in order to avoid unfair surprise and to give him an opportunity to explain. (*People v. Perri,* 381 Ill. 244, 249; 3 Wigmore on Evidence, secs. 1025-1029.) Although repeated questions should be avoided, the questions in this case were addressed to different portions of the alleged statement, and were not so repetitive as to be open to objection on that account. *Terrell* v. *United*

*States,* 6 F.2d 498, on which defendant relies, is not in point. The questions by the judge in that case were obviously not designed to lay the foundation for subsequent impeachment.

Defendant also contends that the court erred in permitting the prosecution to examine Gaston about his previous convictions without offering any formal evidence of those convictions. While a defendant may be impeached upon the ground of his prior conviction of other infamous crimes only by introduction of the records of the prior conviction, (*People* v. *Bennett,* 413 Ill. 601,) a witness, other than the defendant, may be cross-examined as to his prior conviction of other infamous crimes to impeach his credibility. (*People* v. *Baker,* 8 Ill.2d 522, 525-6; *People* v. *Halkens,* 386 Ill. 167.) The cross-examination was proper.

Defendant's next contention raises a more serious problem. Three witnesses for the prosecution who identified the defendant as one of the robbers, also stated that they talked to police officers on the day of the robbery, and gave them such description of the robbers as they could. Defendant's counsel had reason to believe that the statements made to the police officers by the witnesses on the day the crime was committed differed from their testimony, and he subpoenaed certain police department records. The trial judge ordered that the documents be produced and some of them were turned over to counsel for the defendant. Two records, however, both of them reports of investigating police officers made on the day of the robbery, were regarded by the trial court as "inter-departmental records which are not public records and are therefore not subject to subpoena." These two documents were inspected by the judge, but they were not made available to defense counsel. Defendant contends that this ruling deprived him of a fair trial.

At early common law the accused was not permitted to require production of such statements or documents.

(6 Wigmore on Evidence, sec. 1859g.) The view expressed by Judge Cooley, however, has come to prevail: "The State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons." (*People* v. *Davis*, 52 Mich. 569, 573.) So it is now held that an accused person is entitled to the production of a document that is contradictory to the testimony of a prosecution witness. (*Gordon* v. *United States*, 344 U.S. 414; *United States* v. *Krulewitch*, 145 F.2d 76, reversed on other grounds, 336 U.S. 440; *United States* v. *Cohen*, 145 F.2d 82; *People* v. *Walsh*, 262 N.Y. 140, 186 N.E. 422; *People* v. *Schianuck*, 286 N.Y. 161, 165, 166, 36 N.E.2d 94; *People* v. *Dellabonda*, 265 Mich. 486, 251 N.W. 594; *State* v. *Hayes*, 127 Conn. 543, 18 A.2d 895, 922; *People* v. *Pauley*, 119 N.Y. Supp.2d. 152. See: 8 Wigmore on Evidence, 3d ed., sec. 2224; cf. Fed. Rules Crim. Proc., Rules 16, 17(c), 26.) In this case, identification of the accused was crucial. There is no suggestion that the public interest could be prejudiced by divulging these records, and no other ground of privilege is apparent. Where it appears that there is evidence in the possession and control of the prosecution favorable to the defendant, "a right sense of justice demands that it should be available, unless there are strong reasons otherwise." *People* v. *Walsh*, 262 N.Y. 140. We hold, therefore, that it was error to refuse to turn over the records in question.

Defendant complains that his refused instructions Nos. 2 and 6 should have been given. The matters they dealt with were covered by given instructions Nos. 5, 6, 7 and 12. Repetition is not required, and a tendered instruction may be refused when others adequately cover the subject. (*People* v. *Ball*, 333 Ill. 104.) Instruction No. 24 adequately covered the matter of identification. Its propriety has been approved, (*People* v. *Ricili*, 400 Ill. 309; *People*

v. *LeMar,* 358 Ill. 58,) and it was not error to refuse defendant's tender of instruction No. 11.

Instruction No. 23 is as follows: "The Court instructs the jury as a matter of law that the identification of one stranger by another is generally a matter of opinion and belief. The circumstances leading up to such identification must therefore be susceptible of reason and probability. If you find from the evidence in this case, considering the means of identification, the circumstances in which the defendant was identified, the opportunity for identifying said defendant, and the probabilities or improbabilities that it was the defendant, and after judging and weighing the testimony, it does not satisfy beyond all reasonable doubt that the defendant has been correctly identified as the person who committed the offense charged in this indictment, it will be your duty to find the defendant not guilty."

In our opinion this instruction is vulnerable to criticism. The second sentence is meaningless, or nearly so. The first sentence, if it tells the jury anything, tells it that evidence as to identification stands on a different plane than other evidence. Whatever may be the ultimate distinctions between knowledge on the one hand and opinion and belief on the other, this instruction seems to suggest that as to a matter of central importance,—the identity of the person seen committing the crime,—testimony carrying a lesser degree of persuasiveness can be regarded by the jury as convincing. It is true that the instruction goes on to caution the jury that they must be satisfied beyond all reasonable doubt that the defendant has been correctly identified as the person who committed the offense charged. But it is hard to say that this caution is effective to restore to the degree of proof necessary for conviction what has been taken away by the earlier part of the instruction. Standing alone, or in the context of other factual situations, this instruction might not be reversible error, but it should not have been given here.

The judgment of the criminal court of Cook County is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*