(No. 37503.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD COLE, Plaintiff in Error.

*Opinion filed January 22, 1964.—Rehearing denied March 17, 1964.*

House, J., dissenting.

Norman L. Rothenbaum, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

The defendant Edward Cole, was found guilty of robbery and rape by a jury in the criminal court of Cook County. He was sentenced to 20 years in the penitentiary for rape and to a concurrent sentence of from 3 to 10 years for robbery. He now seeks a reversal of the trial court judgment chiefly on the grounds that (1) the evidence failed to sufficiently identify him beyond a reasonable doubt either as one of the rape assailants or as one of the persons involved in the robbery of her male companion and (2) that the court unduly limited his cross-examination by denying him access to certain police reports and statements.

The testimony discloses that at about 2:00 A.M. on October 1, 1960, the complaintant, Birdia Jordan, in the company of her friend, Arthur Redd, and another couple left a drinking place to pick up Redd's automobile. Upon arrival at the parking place, they discovered the car had a flat tire and the other couple left Redd and Mrs. Jordan to procure a jack. While Mrs. Jordan and Redd were sitting in the automobile, waiting for the return of the other couple, a group of young men opened the door on Redd's side of the automobile, pulled him from it and began beating him. Redd was able to trip a co-defendant, Fess Wise, recognize him and also another assailant, Johnny Sherrod. After Redd had been knocked down, Mrs. Jordan testified that Fess Wise opened the door on her side and demanded the contents of her purse, which she emptied on her lap. When she expressed concern for her friend Redd, another assailant, James O'Neil, struck her about the head. She stated that she was then carried by O'Neil, Brown and Harden, other defendants, from the car to a boarded-up place behind the stairway of a nearby building and forced to the ground where her undergarments were removed. She testified that Wise threatened to "stomp her brains out" if she screamed and that the defendant Cole said he would "cut her throat". At this point in her testimony, Birdia Jordan, without hesitation identified the defendant, Cole, from among the eight defendants. Four of the ·men, Harden, Wise, Meeks and O'Neil then forced complainant to have intercourse with them.

While she was being assaulted, the other men having robbed and beaten Redd unconscious, were on their way to the scene of the rape. Mrs. Jordan stated that the defendant Cole called them over, and thereupon they picked her up and moved her to the basement of a nearby house. She further testified that the site of the first assault was dark and she could not tell which of her assailants removed

her, but when she was being carried to the basement of a nearby house, they passed under two street lights, at which time she was able to see Wise, O'Neil, Harden, Brown, Meeks, Sherrod and the defendant, Cole. She testified that a second series of rape assaults were committed in the basement of the house and that all the men present had intercourse with her. The assault was terminated by the approaching lights of a police car which caused the men to run from the scene. Prosecutrix was examined by a physician at Cook County Hospital who testified that he could find no physical injury to the victim, other than her complaint of abdominal pain and the presence of spermatozoa and dirt in her vagina.

Defendant urges that the evidence adduced upon his trial did not show his guilt of rape beyond a reasonable doubt, because of certain inconsistencies in Birdia Jordan's testimony and a variance between her trial testimony and her testimony at a preliminary hearing. At the trial complainant without hesitation identified the defendant as one of her assailants. The incident consumed one hour, during which time the defendant and his accomplices passed directly under a street light. The defendant offered no evidence, consequently this positive identification of the defendant by the complainant stands uncontradicted. It was for the jury to determine the credibility of Birdia Jordan, along with that of the other witnesses for the People, and the inconsistencies and prior contradictory statement, if they exist, do not render her testimony unworthy of belief. (*People* v. *Jones*, 30 Ill.2d 186.) The evidence amply established defendant's guilt of the crime of rape with which he was charged.

Nor is there any merit in defendant's contention that he was not proved guilty of robbery of Arthur Redd. The robbery and rape were but different aspects of the same criminal assault committed against Arthur Redd

and Birdia Jordan as they sat in the former's automobile during the early hours of October 1, 1960. It is not essential that the defendant's participation in each element of the crime be established, it is sufficient to show that he aided, abetted or assisted in the commission of the crime. The evidence shows that Redd and Mrs. Jordan were assaulted by a group of young men, two of whom Redd was able to identify prior to being beaten unconscious, who, after robbing Redd, removed Mrs. Jordan to an alley and raped her. The defendant was identified by the complainant as one present when the first series of rapes was committed against her person.

While it is true that mere presence or negative acquiescence is not enough to constitute a person a principal, one may aid and abet without actively participating in the overt act and if the proof shows that a person was present at the commission of the crime without disapproving or opposing it, it is competent for the trier of fact to consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the crime. (*People* v. *Torres,* 19 Ill.2d 497; *People* v. *Thicksten,* 14 Ill.2d 132; *People* v. *Cione,* 293 Ill. 321.) Stated differently, circumstances may show there is a common design to do an unlawful act to which all assent, and whatever is done in furtherance of the design is the act of all, making each person guilty of the crime. *People* v. *Rybka,* 16 Ill.2d 394; *People* v. *Marx,* *291* Ill. *40; People* v. *Washington, 26* Ill.2d *207, 209.*

The evidence clearly showed defendant's participation in both crimes, and if the only error assigned here were the insufficiency of the evidence we would be obliged to affirm the judgments below.

Defendant contends the court unduly limited his cross-examination by denying him access to certain police re-

ports and statements. This matter has become a problem of growing concern in the trial of criminal cases. A defendant is entitled to all reasonable opportuunities to present evidence which might tend to create a reasonable doubt as to his guilt. Defendant claims that prior to trial Mrs. Jordan had made conflicting statements which were contained in the statements or reports requested by him. He contends these reports or statements could have been important to him in cross-examination for impeachment purposes and should have therefore been made available to him. Birdia Jordan was the only witness who identified this defendant and the impeachment of her testimony could have raised a reasonable doubt in the jury's mind as to his guilt. The State contends the remainder of the police documents exempted from production by the lower court ruling consisted of statements of certain defendants and interdepartmental records, including an alleged transcription of an oral statement by Birdia Jordan signed by two investigating officers who did not testify at the trial. They rely on our holding in *People* v. *Wolff,* 19 Ill.2d 318, to sustain the lower court ruling. To the contrary, our decision in *Wolff* does not support such a contention. A page 327 in *Wolff* we declared, "Accordingly, we adopt the view that where no privilege exists, and where the relevancy and competency of a statement or report has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced contains matter which does not relate to the testimony of the witness sought to be impeached, the trial judge will inspect the document and may, at his discretion, delete unrelated matters before delivery is made to the accused." The prosecution here made no claim of irrelevancy, incompetency or privilege. The trial court should have made these reports available to defendant.

Where it appears that there is evidence in the possession and control of the prosecution favorable to the defendant, a right sense of justice demands that it should be available, unless there are strong reasons otherwise. (*People* v. *Moses,* 11 Ill.2d 84.) In *Moses* we declared the State has no interest in interposing an obstacle to the disclosure of facts unless it is interested in convicting accused parties on testimony of untrustworthy persons. The failure of the State to call the two officers to testify concerning the oral statement of Birdia Jordan cannot be relied upon by the prosecution to evade this rule. If contradictory statements were made by the prosecuting witness to these two missing officers then the defendant by all means should have the benefit for impeachment purposes. Justice requires a full and fair disclosure.

Because of the error in production of statements of witnesses the defendant is entitled to a new trial; the judgments of the criminal court of Cook County are reversed and the causes remanded for retrial.

*Reversed and remanded.*

Mr. JUSTICE HOUSE, dissenting.