(No. 40289.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DEMBRUS GOLSON, Appellant.

*Opinion filed May 18, 1967.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (MARSHALL J. HARTMAN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ROBERT A. NOVELLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Dembrus Golson, was indicted for burglary in the circuit court of Cook County, tried by the court without a jury, found guilty, and sentenced to the penitentiary for a term of 12 to 15 years. The appellate court affirmed his conviction (76 Ill. App. 2d 1,) and we have granted leave to appeal.

The sole issue on this appeal is whether or not the trial court erred in denying defendant a police report which defendant now contends contained a copy of a statement of an eyewitness. As we view the case, however, this issue can only be resolved by first determining if such a statement in fact exists.

The State's case is based primarily on the testimony of Carl Dickerson, a 15-year-old boy, who identified the defendant as the man he saw in his apartment which had been forcibly entered. After he saw the defendant, Carl fled from the apartment and notified a policeman who apprehended the defendant.

During cross-examination of Carl counsel for defendant asked for a statement and the prosecutor stated that there was no statement. Subsequently Carl testified that he made an oral statement to a police officer at his home after the

arrest "by way of mouth," but stated that he did not sign any statement.

On several other occasions during the trial the attorney for defendant demanded a copy of Carl's oral statement, which demands were refused when the assistant State's Attorney insisted that there was no transcription of an oral statement in the file. Neither the investigating officer nor the arresting officer, both of whom testified, were asked if Carl made an oral statement that was reduced to writing.

Defendant insists that the record shows that Carl gave an oral statement to a police officer, that the officer wrote it down, and that a copy of it was in the State's Attorney's files. We have carefully examined the record and we cannot find the slightest support for the latter two assertions. The only evidence in this record is that Carl made an oral statement to a police officer.

The right of a defendant to obtain statements of a witness has been clarified in recent decisions of this court. In *People* v. *Moses*, 11 Ill.2d 84, we held that where there is evidence in the possession of the prosecution favorable to the defendant, a right sense of justice demands that it should be available, unless there are strong reasons otherwise, and requires the disclosure of police reports which qualify as transcriptions of oral statements of witnesses. The proper procedure under the *Moses* doctrine was announced in *People* v. *Wolff*, 19 Ill.2d 318, 327, where we analyzed various views including the Federal rule set forth in *Palermo* v. *United States*, 360 U.S. 343, 3 L. Ed. 2d 1287, and stated:

"Whether to adopt the Federal view or to retain the traditional view that the delivery of documents to an accused rests in the discretion of the trial judge in any case, presents a difficult choice. While the Federal rule is one of procedure, and therefore not binding before us, it is at the same time the latest and most thorough approach to the problem. Outside of these persuasions, we cannot help but

be mindful of the observation in the *Palermo case* that 'the commands of the Constitution were \* \* \* ·close to the surface' of the decision in the *Jencks case*. Accordingly, we adopt the view that where no privilege exists, and where the relevancy and competency of a statement or report has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced contains matter which does not relate to the testimony of the witness sought to be impeached, the trial judge will ·inspect the· document and may, at his discretion, delete unrelated matters before delivery is made to the accused."

However, it was implicit in *Wolff* that the defense·must first lay a foundation to show that a transcribed statement of the witness exists. *People* v. *Wolff*, 19 Ill.2d 318, 328.

The defendant relies on *People* v. *Jolliff*, 31 Ill.2d 462, and *People* v. *Cole*, 30 Ill.2d 375, to sustain his contention. However, in the *Jolliff* case a prosecution witness testified that he had given a description to a police officer and that the police officer had written it down. No claim that the statement was non-existent was made in the trial court.

In *People* v. *Cole*, 30 Ill.2d 375, the State did not dispute the existence of a transcription of an oral statement made by the principal witness for the prosecution, but sought to withhold the document because the police officers who took the statement had not testified.

We know of no case which has been reversed for failure to produce a statement without some preliminary showing that such a statement exists. (See *Johnston* v. *United States*, (10th cir.) 260 F.2d 345, 347, *cert.* den. 360 U.S. 935.) Here the record shows a consistent·denial on the part of the State of the existence of such ·a statement. The defense did not ask Carl, who made the oral statements, if the officer had written them down, nor did the defense interrogate any of the police officers regarding the transcription of.

·Carl's statement. The only indication of the existence of a transcription of an oral statement is contained in the un-sworn statement of defense counsel in a colloquy during the trial. We cannot elevate such unverified remarks to the level of evidence creating a preliminary showing of the existence of a transcribed oral statement.

Nothing in this record shows that defense counsel was prevented from attempting to lay a foundation to establish the existence of such a statement. (*Cf. People* v. *Wolff*, 19 Ill.2d 318, 328.) We therefore find no error in the action of the trial court.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.