(No. 42931.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES E. ALLEN, Appellant.

*Opinion filed November 18, 1970.*

ELMER GERTZ, of Chicago, (WAYNE B. GIAMPIETRO, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ROGER S. MATELSKI, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Charles E. Allen, was found guilty in the circuit court of Cook County of operating a motor vehicle while under the influence of intoxicating liquor and of resisting arrest. He was fined $150 for driving under the influence of intoxicating liquor, and placed on one year's probation on the latter charge.

A denial of due process is claimed from the trial court's refusal to order the production of a written statement in the form of a police report allegedly prepared by Officer Joseph Peck, the prosecution's only witness. The defendant complains, too, that the evidence was insufficient to support his conviction.

Officer Peck's testimony consisted of his observations of the conduct of the defendant and other circumstances surrounding the defendant's arrest. The defendant maintains that because he was denied an opportunity to examine a written statement the witness is said to have prepared the night of the arrest, he was deprived of his full right to cross-examination and his right possibly to impeach the witness. Prior to trial, the court had allowed a motion by the defendant for the production of "any and all statements, written or otherwise, of any witness or alleged witness to any of the events upon which the charges are based." Other than an

alcoholic influence report prepared by the witness, which was turned over to the defendant's counsel during the trial, the prosecution did not deliver any statement to the defense. Officer Peck on cross-examination testified that following the arrest he had prepared a written statement or report of the incident. When the defendant's attorney requested the report during the cross-examination, the officer responded that he did not have a copy of the report with him. There was further testimony that the report, in the form of a complaint sheet, was a summary of what had occurred at the time of the arrest. After a conference with counsel on the question, the court ruled that the defense was not entitled to the report and that its production would not be ordered.

The prosecution on demand is required to furnish an accused for possible impeachment use specific statements in its possession or control which were made by a State's witness, which have been shown to exist and which are in the witness' own words or substantially verbatim. (*People* v. *Durso*, 40 Ill.2d 242; *People* v. *Neiman*, 30 Ill.2d 393; *People* v. *Wolff*, 19 Ill.2d 318.) This obligation extends to police reports and even interdepartmental records. (See *People* v. *Cagle*, 41 Ill.2d 528; *People* v. *Golson*, 37 Ill.2d 419; *People* v. *Moses*, 11 Ill.2d 84.) It is said that a "right sense of justice" underlies this rule of production. *People* v. *Cole*, 30 Ill.2d 375; *People* v. *Moses*, 11 Ill.2d 84.

In *People* v. *Wolff* this court said, at page 326, "the trial court, where there is no basis for privilege and relevancy and competency has been established, is required to order the statement or report delivered directly to the defendant for his examination and use." Here, the State makes no claim of irrelevancy, incompetency or privilege. It contends simply that no statement subject to production was shown to exist, as is required (see *People* v. *Durso*, 40 Ill.2d 242; *People* v. *Golson*, 37 Ill.2d 419). The writing to which Officer Peck made reference, the State says, was but

a "police blotter" notation, and not a statement capable of being used by an accused for impeachment purposes. There is no reference in the record to any report, other than Officer Peck's testimony regarding a statement or report, and the State does not disclose the information which appeared in the report it describes.

The value, or lack of it, of a statement given by a witness is to be decided by the accused and not by the prosecution. (*People* v. *Wolff*, 19 Ill.2d 318, 325.) We are not aware of any *de minimis* rule, so to speak, regarding statements, which the State's argument suggests. Thus, even if the statement or report of the officer was not precisely as his testimony indicates, the defendant had a right to examine the report the State deprecates here. The trial court should have directed its production.

We have considered the defendant's argument that the evidence did not establish his guilt beyond a reasonable doubt. It is necessary only to say that the proof was not so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People* v. *Nicholls*, 44 Ill.2d 533.) However, in view of our holding that the defendant was entitled to examine the report concerned, we reverse the judgment of the circuit court of Cook County and remand the cause for a new trial.

*Reversed and remanded.*