THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VINCENT HOWZE, Defendant-Appellant.

(No. 11333;

Fourth District—September 23, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (Frederick F. Cohn, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Arthur J. Inman and G. Lanter, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was indicted for the unlawful sale of marijuana, then classified as a narcotic drug. He entered a plea of not guilty. A jury trial resulted in a verdict of guilty and the defendant was sentenced to not

254

less than 10 years nor more than 10 years and one (1) day in the Illinois State Penitentiary. This appeal is from the conviction and sentence.

Many issues are raised on this appeal with reference to sufficiency of the proof, the correctness of the instructions, the propriety of certain comments by the prosecution in closing argument, and then a substantial number of issues with reference to the reasonableness of the Illinois classification of marijuana as a narcotic and the constitutionality of the penalty provisions.

Only a brief factual statement is required in order to set in perspective the one issue that we must discuss in detail and which in our judgment requires that this case must be reversed and remanded for a new trial.

Christopher Vaughns, an agent of the Illinois Bureau of Investigation, testified that the defendant sold him 5 packets of marijuana for $5.00 a packet. At the time of this transaction, Vaughns was accompanied by one Willie Greer, an informant of the Illinois Bureau of Investigation. Other agents testified that they had kept a surveillance of Inspector Vaughns and Greer on the date that this transaction took place. One of these, an Inspector Naylor, testified as to his roll in the surveillance. Naylor further related that he made a report as to his activities and in it made reference to a memo or report of Inspector Vaughns relating to the transaction. He stated that he had not seen the Vaughns' report.

Prior to trial, and at the trial, the defense asked that a copy of the report or memorandum of Inspector Vaughns be produced. The prosecution indicated that it did not have the report, tendered its file to the court for examination, and made a statement further to the effect that they had been unable to find the report. The court denied the further motions and efforts by the defense to ascertain the existence of the report.

The record and the testimony of Inspector Vaughns is that he did make a report, that the same was dictated in the Chicago office to be typewritten and sent to Springfield. Such was done on or about the 16th of August, 1969. Agent Vaughns saw the completed report. It consisted of approximately 5-6 pages. It was made to his supervising inspector from notes taken by Vaughns; and the report was signed by him. The Springfield division office was aware of the report. Having ascertained that the report was not in the prosecution file, the court as we have indicated, denied defense counsel's motion to stay further proceedings until there could be a clarification as to whether or not the report exists and also until the court ordered a production of it or some disposition of the pending motion for the report. Upon disallowance of this motion the trial proceeded.

█ The effort to obtain the report in this instance was in connection

with its use for impeachment not discovery. As we view it, the issue here is determined by the decision of the Supreme Court in *People v. Allen*, 47 Ill.2d 57, 264 N.E.2d 184, which opinion states the rule applicable, the cases upon which it is based and the result that is required. Because of this, we quote extensively from the opinion as follows:

"The prosecution on demand is required to furnish an accused for possible impeachment use specific statements in its possession or control which were made by a State's witness, which have been shown to exist and which are in the witness' own words or substantially verbatim. (*People v. Durso*, 40 Ill.2d 242, 239 N.E.2d 842; *People v. Neiman*, 30 Ill.2d 393, 197 N.E.2d 8; *People v. Wolff*, 19 Ill.2d 318, 167 N.E.2d 197.) This obligation extends to police reports and even interdepartmental records. (See *People v. Cagle*, 41 Ill.2d 528, 244 N.E.2d 200; *People v. Golson*, 37 Ill.2d 419, 226 N.E.2d 610; *People v. Moses*, 11 Ill.2d 84, 142 N.E.2d 1.) It is said that a 'right sense of justice' underlies this rule of production. *People v. Cole*, 30 Ill.2d 375, 196 N.E.2d 691; *People v. Moses*, 11 Ill.2d 84, 142 N.E.2d 1.

In *People v. Wolff* this court said, [19 Ill.2d] at page 326, 167 N.E.2d at 201, 'the trial court, where there is no basis for privilege and relevancy and competency has been established, is required to order the statement or report delivered directly to the defendant for his examination and use.' Here, the State makes no claim of irrelevancy, incompetency or privilege. It contends simply that no statement subject to production was shown to exist, as is required (see *People v. Durso*, 40 Ill.2d 242, 239 N.E.2d 842; *People v. Golson*, 37 Ill.2d 419, 226 N.E.2d 610.) The writing to which Officer Peck made reference, the State says, was but a 'police blotter' notation, and not a statement capable of being used by an accused for impeachment purposes. There is no reference in the record to any report, other than Officer Peck's testimony regarding a statement or report, and the State does not disclose the information which appeared in the report it describes.

The value, or lack of it, of a statement given by a witness is to be decided by the accused and not by the prosecution. (*People v. Wolff*, 19 Ill.2d 318, 325, 167 N.E.2d 197.) We are not aware of any *de minimis* rule, so to speak, regarding statements, which the State's argument suggests. Thus, even if the statement or report of the officer was not precisely as his testimony indicates, the defendant had a right to examine the report the State deprecates here. The trial court should have directed its production."

It is clear from this record that there was a report and it is further clear that contents of the report may well have been of substantial assist-

ance to the defense in cross-examination of Agent Vaughns. It is also clear that a report by Agent Naylor may have been in conflict with Vaughns' report with reference to certain crucial events at the time of this controlled sale transaction.

■ As we view it, compliance with *Allen* requires the production of this statement if it is in existence. This is a threshhold question which must necessarily be determined prior to consideration of other issues on this appeal. This case is therefore remanded to the circuit court of Sangamon County with directions to conduct a hearing and cause the production of Vaughn's report if the same is in existence. If it is determined that it is in existence and is producible, then an order is to be entered granting the defendant a new trial. Should it be determined that the statement or its substantive content cannot be produced, then such finding together with the transcript of the hearing is to be certified to this court for further consideration of this and the other issues presented by this appeal.

This cause is remanded to the circuit court of Sangamon County for further proceedings in accordance with views herein expressed.

Judgment remanded with directions.

SMITH, P. J. and TRAPP, J., concur.