2 Ill. App.3d 675 (1971)
276 N.E.2d 814
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
ATHEREE CHANEY, Defendant-Appellant.
No. 11449.
Illinois Appellate Court  Fourth District.
December 22, 1971.
Morton Zwick, Director of Defender Project, of Chicago, (Kenneth L. Gillis and John F. McNichols, of Defender Project, of counsel,) for appellant.
Basil Greanias, State's Attorney, of Decatur, for appellant.
Judgment affirmed.
*676 Mr. JUSTICE SIMKINS delivered the opinion of the court:
Defendant Atheree Chaney was indicted for murder. He was represented, in the trial court, by counsel of his choice, and in this Court by appointed counsel.
Subsequently, as a result of plea negotiations in which the Court did not participate, an information was filed which charged the defendant with voluntary manslaughter, to which he entered a plea of guilty on September 18, 1970. Defendant was sentenced to an indeterminate term of six to fifteen years, whereupon the murder indictment was dismissed on motion of the People.
The plea bargain, negotiated between the State's Attorney and defendant and his attorney was as follows: defendant would enter a plea of guilty to voluntary manslaughter, he would file a petition to be admitted to probation which the State's Attorney would oppose, and if the Petition be denied the State's Attorney would recommend a sentence of nine to twenty years in the penitentiary. While the record is not clear on the point, it apparently was also agreed that the murder indictment would be dismissed upon the entry of the plea to the charge of manslaughter, and dismissal was in fact made.
Defendant, after careful admonishment and explanation by the Court, then entered his plea. An evidentiary hearing was held on the Petition for Probation which the Court denied; hearing in aggravation and mitigation was held; the People recommended a sentence of nine to twenty years. The trial judge refused to follow the recommendation and imposed sentence, of six to fifteen years, on October 2, 1970. On October 5, 1970, the State's Attorney filed with the Clerk of the Court, a document entitled "Statement of the State's Attorney and Circuit Judge" dated October 2, 1970. The Statement indicates, on its face, that it is "Submitted in accordance with provisions of Section 203, Chapter 108, Ill. Rev. Stat., 1969."; it was signed by the State's Attorney and the Trial Judge noted his concurrence in the Statement. One portion of the Statement, which is a printed form, is entitled "Recommendations to Parole Board:" and under this heading appears the following language: "Be advised that the defendant, Atheree Chaney, was originally charged in this cause with the Crime of Murder. It was, when the charge was brought, and still is, the belief of this office that the operative facts and circumstances surrounding the crime would substantiate a charge of Murder. However, upon further investigation and a consideration of all the facets of this case and also the considered opinion of this office, that a plea of a reduced charge of Voluntary Manslaughter was justified. This office recommends that the charge reduction be considered by the Parole and Pardon Board before arriving at their decision regarding parole of this defendant".
*677 The foregoing portion of the Statement gives rise to defendant's contention here, and he argues that he was not fully admonished of the consequences of his plea where "* * * the plea admonishments do not reveal that the defendant was informed that after a plea of guilty the prosecutor intended to  and did  take immediate steps to hinder or block early parole."
He urges that the effect of the State's Attorney's Statement "* * * was to maximize the term in prison substantially, * * *", and that the Statement "* * * concerning his parole had a great effect". These statements are, of course, made without foundation in fact. Since defendant will not be eligible for parole until he has served four years and three months of the sentence imposed, (assuming full credit for "good time" is allowed) and the Board has had no occasion to consider whether or not to release him on parole, how can the Statement be said to have "* * * had a great effect" or that its effect was "to maximize the term in prison substantially, * * *"? Implicit in these contentions is the proposition that when parole is opposed by a State's Attorney, it follows, as night follows day, and with the same degree of certainty, that the Board's will and reason are subordinated to the suggestion, and that no meaningful effort is made to determine the issue according to an acceptable standard. This argument is not based upon fact, and we accept it only for what it is: a bald, unsupported conclusion.
Defendant also argues that "he was informed and was presumed to have thought that he faced a minimum of six years". Bearing in mind that this case hinges upon the admonishment given at the time of taking defendant's plea this statement too, is patently inaccurate. What defendant was informed was that the People would and did recommend nine to twenty years, that the Trial Court was in no way bound by the recommendation and could impose sentence anywhere within the minimum of one year and the maximum of twenty years, as provided by the Statute, section 9-2 of the Code of Criminal Procedure, Ill. Rev. Stat. 1969, ch. 38, par. 9-2.). Nor did he have any reason, in view of the terms of the negotiated plea and the Court's admonition, to presume anything other than that the sentence would fall within the statutory minimum and maximum.
 1 That a defendant must be admonished as to the consequences of a plea of guilty is too firmly established in the law of the State to require citation. In support of his contentions here the defendant cites People v. Flannigan, (Ill. App.2d), 267 N.E.2d 739. In Flannigan the defendant, having been convicted of resisting a police officer, then entered a plea of guilty to reckless driving and was sentenced to terms of one year and of six months to run consecutively. The Supreme Court held that where *678 a defendant is charged with more than one crime, the fact that the sentence may, where appropriate, be made consecutive "* * * must be considered as crucial to his decision as the admonition on the maximum penalty for each of the charges." It is noted that Supreme Court Rule 402 (effective September 1, 1970,) also provides that, before accepting a plea of guilty the defendant is to be admonished as to "* * * the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences: * * *." Flannigan, supra, is readily distinguishable from this case because there is no contention here that the Court failed to properly admonish as to the minimum and maximum sentence limits prescribed by the Statute, nor is any question of consecutive sentence involved.
Defendant also cites People v. Thomas, 41 Ill.2d 116, 242 N.E.2d 170 though the reason for his doing so is obscure. Thomas holds that the Court, in its admonition given prior to accepting a plea of guilty, is not required to advise the defendant of civil consequences of the plea such as loss of right to vote and to hold elective office. Defendant's citation of People v. Mims, 42 Ill.2d 441, 248 N.E.2d 92 seems equally inapposite since it holds that under the particular circumstances involved (none of which bear the slightest resemblance to the issue here) the defendant had been properly admonished prior to acceptance of his plea and had, contrary to his contention, been afforded an opportunity to withdraw the plea. Nor is the holding in People v. Moore, 47 Ill.2d 57, 264 N.E.2d 184 relevant to the issue here. Under facts and circumstances presented there, the Court held that defendant had been properly admonished. Those facts and circumstances bear no discernable relationship to this case.
Defendant also cites Bye v. U.S., 435 Fed.2d 177; Berry v. U.S., 412 Fed.2d 189; Jenkins v. U.S., 420 Fed.2d 433; and Durant v. U.S., 410 Fed.2d 689. All of these cases involve the application of Rule 11 of the Federal Rules of Criminal Procedure and hold that when an individual enters a plea of guilty to a federal narcotics offense, without knowledge, that he will be ineligible for parole from the sentence he receives due to a section of the statute which makes certain narcotics offenders ineligible, the plea is not made voluntarily with "understanding of the nature of the charge and the consequences of the plea". In Bye, supra, the Court pointed out that the unavailability of parole made the mandatory period of incarceration three times as long as contrasted to sentence where parole is available (not taking into account allowance for good time). Berry, supra, also held that failure to advise defendant of statutory ineligibility for parole at the time of plea constitutes a failure to properly admonish as to the consequences of such a plea. To the same effect is *679 Jenkins, supra, and Durant, supra. Defendant cites McCarthy v. U.S., 394 U.S. 459. There a defendant had entered a plea of guilty to attempting to evade Federal income tax payments. The government conceded that the District Judge had not personally inquired of the defendant whether he understood the charge, a duty imposed on the Judge by Rule 11 of the Federal Rules of Criminal Procedure. The Court held that Rule 11 cannot be complied with unless the judge personally inquires as to the defendant's understanding of the charge.
None of the cases cited by the defendant afford any assistance in the resolution of the particular issue raised here, since none of them involve the right of the defendant to be admonished as to the possible consequences which might flow from an adverse report if, as, and when forwarded by a State's Attorney to the Parole and Pardon Board. The most that can be said for defendant's authorities is that they stand for the general proposition that the defendant must be admonished as to the consequences of a plea. No cases are cited by the People, who simply urge that the defendant was fully advised of the consequences of his plea.
We note that defendant does not suggest how the trial court might have admonished him as to the contents of the Official Statement which was to be prepared subsequent to the imposition of sentence; it not being suggested that he was aware of the State's Attorney's intentions if, indeed, he had any at that juncture. The Statement was prepared and forwarded by the State's Attorney as provided by Ill. Rev. Stat. 1969, ch. 108, par. 203 which requires a statement "* * * of the facts and circumstances constituting the crime or offense * * * together with all other information accessible to them in regard to the career of the prisoner * * * prior to the time of the commitment for the crime * * * of which he or she was convicted * * * relative to his * * * habits, associates, disposition and reputation and any other facts and circumstances which may tend to throw light upon the question as to whether such prisoner * * * is capable of again becoming a law abiding citizen:".
It is noted that par. 206 of the same Act requires the Parole and Pardon Board to send notices of hearings, relating to the granting of paroles at the time of expiration of the minimum sentence, to the State's Attorney of the county where the applicant for parole was convicted, to the sentencing judge, and the complaining witnesses. These notices to be mailed not less than ten days prior to the date of the hearing in order that they, or any of them who so desire, may appear and be heard on the issue of the applicant's eligibility to return to society during sentence. The State's Attorney's recommendation to the Parole Board may *680 be considered as premature, but it is one which he would have had an opportunity to make at a later date, had he so desired, pursuant to the provisions of par. 206, supra.
The admonishment of a defendant as to the consequences of his plea, within the meaning of the cited Rules and case law on the subject, does not comprehend that he be instructed, lectured and reminded of each and every factor which might possibly or conceivably affect the decision, at a later date, of the Parole and Pardon Board to either grant or deny parole.
To hold to the contrary would be to require the judge to explain, for example, the concept of "good time" allowed in diminution of sentence, and that it applies both to the minimum and maximum. To explain that infractions of prison rules and regulations might affect, to some ill-defined degree, the decision to grant or deny parole, to spell out in detail what those prison rules are, that they change from time to time, and are not necessarily the same in each branch of the penal system. To discuss and explain "Merit Time". Also to explain that if parole were granted he would have to sign the Parole Agreement required by the Parole and Pardon Board, and to explicate the meaning of each of the 17 numbered paragraphs of the Agreement, including the agreement to waive extradition. To advise that parole may, under certain circumstances, be revoked; and that at the time for public hearing on the question, the State's Attorney, sentencing judge, complaining witness, or some member of the public unknown to the judge might appear and oppose parole and that this might have some effect on the decision, and so on ad infinitum.
To remark that this would result in a welter of speculative, technical requirements, and further involve the judge in a quagmire of uncertainty and irrelevant detail, almost incomprehensible in scope, is to belabor the obvious.
We have carefully examined the record here. It reveals that the trial judge carefully, in detail, and at length, admonished the defendant as to the consequences of his plea, and it further establishes that the defendant understood what was stated to him.
 2, 3 We therefore hold that, in admonishing a defendant as to the consequences of his plea, the judge need not advise him that at some time someone, including the State's Attorney, may oppose his being admitted to parole.
Judgment affirmed.
SMITH, P.J., and CRAVEN, J., concur.