THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARTHA ROSE, a/k/a Martha Tvo, Defendant-Appellant.

Fourth District   No. 14694

Opinion filed October 27, 1978.

Daniel L. Gaumer, of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Thomas W. Gendry, Assistant State's Attorney, and David B. Fox, law student, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

On April 6, 1977, the defendant was charged by information with the armed robbery of the W. T. Flora Gems store in Decatur, Illinois. Also charged in the information were William Thomas Cowherd, James William Daniels, Charles Ervin Johnson, and the defendant's husband, Jodon Tvo.

At a pretrial conference on August 10, 1977, defense counsel announced that he was not ready for trial since he had not received reports of statements made to a Federal Bureau of Investigation agent by two of the State's key accomplice witnesses, Daniels and Harris. The existence of these reports had led to a mistrial the previous month when their existence was revealed during cross-examination of the witnesses. The prosecutor had informed defense counsel that he would try to obtain the statements

but had not done so as of the pretrial conference. The State announced its readiness for trial. The court ordered the defendant to file a written demand for discovery and continued the matter for hearing until the following day.

Following arguments of counsel at the hearing, the court denied the defendant's request that the State produce the statements by Daniels and Harris on the basis that the State did not have them in its possession. The court indicated that both sides had equal access to such information, and the State had no duty to furnish information held by an agency of the Federal Government.

At the jury trial, both Daniels and Harris testified that the defendant performed an integral role in the planning, commission, and distribution of proceeds from the armed robbery. Following deliberations, the jury found the defendant guilty of armed robbery. The defendant was sentenced to a term of 6- to 12-years imprisonment.

While defendant has raised several issues on appeal, one threshold question must be addressed prior to any consideration of the other issues presented in this appeal: Whether the trial court erred in refusing to require the State to disclose to the defendant statements given to the FBI by two accomplice witnesses.

In *People v. Allen* (1970), 47 Ill. 2d 57, 59, 264 N.E.2d 184, our supreme court stated that the prosecution is required to furnish an accused on demand, for possible impeachment use, specific statements in its possession or control made by a State's witness, provided such statements have been shown to exist. Supreme Court Rule 412(f) (58 Ill. 2d R. 412(f)) places a burden upon the State to insure that a flow of information is maintained between the various investigative personnel and its office concerning the accused. Further, Rule 412(g) (58 Ill. 2d R. 412(g)) provides:

> "(g) Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the State and which is in the possession or control of other governmental personnel, the State shall use diligent good faith efforts to cause such material to be made available to defense counsel; and if the State's efforts are unsuccessful and such material or other government personnel are subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel."

In *People v. Howze* (1971), 1 Ill. App. 3d 253, 273 N.E.2d 733, the existence of an Illinois Bureau of Investigation report became known to defense counsel prior to trial. After determining that the report was not in the prosecution's file, the trial court denied defendant's motions to ascertain the existence of and for production of the report. Noting that the

contents of the report may have been of substantial assistance to the defense in the cross-examination of the witness for the State, this court remanded the cause to the circuit court with directions to conduct a hearing and cause production of the report if it was in existence.

■■■ Similarly, in the instant case, it is clear that any statements made by the State's key witness to the FBI may have been useful to the defense in its cross-examination of those witnesses. The record discloses that no effort was made by the State or the trial court to secure production of those statements prior to trial. Accordingly, in view of our ruling in *Howze*, the cause is remanded to the circuit court of Macon County to conduct a hearing and determine whether or not the statements are in existence and are available to the prosecution. If the statements are, in fact, in existence and subject to production, then an order shall be entered granting the defendant a new trial. If the statements cannot be produced, then that finding shall be certified to this court for further consideration of this issue and others presented in this appeal.

The cause is hereby remanded to the circuit court for further proceedings consistent with this opinion.

Remanded with directions.

GREEN, P. J., and TRAPP, J., concur.