THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACKSON L. NEELY, Defendant-Appellant.

Third District   No. 3—87—0531

Opinion filed June 16, 1989.—Rehearing denied July 21, 1989.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

A jury found the defendant, Jackson L. Neely, guilty of robbery, intimidation, and aggravated battery (Ill. Rev. Stat. 1985, ch. 38, pars. 18—1, 12—6(a)(1), 12—4(a)). The trial court sentenced him to concurrent terms of 12 years on the robbery count, 8 years on the in-

timidation count, and 8½ years on the aggravated battery count. The defendant appeals.

Prior to trial, the State filed a motion *in limine* seeking to exclude all evidence of an alleged cocaine delivery made by the victim, Thomas Bowers, to Neely's codefendant, Gary Goldsmith, on the evening of the alleged offenses. At the hearing on the motion, defense counsel stated that Gary Goldsmith and Madelyn Ugolini would testify that, 45 minutes prior to the alleged offenses, Bowers had sold a small quantity of cocaine to Goldsmith. The trial court granted the motion over the defendant's objection.

At trial, Thomas Bowers testified that at about 4 p.m. on March 21, 1986, he had met Gary Goldsmith in a Mendota tavern. Around 6 p.m., Bowers, Goldsmith, and Bill Askey drove to a low-income housing unit in Mendota and picked up the defendant. They then rode to Bowers' trailer, where they played music and drank beer.

Bowers testified that at about 8 p.m., he, Goldsmith, and the defendant returned to the low-income housing unit. Inside, the defendant approached Bowers from behind and hit him on the back of the head, causing Bowers to fall to the floor. The defendant then kicked Bowers in the face, held him down by the hair, and stepped on his forehead. After kicking him some more, the defendant took $20 from Bowers' pocket and stole his wallet.

Bowers further testified that the defendant and Goldsmith blindfolded him and drove him out into the country, where they left him. According to Bowers, the defendant stated that if Bowers told anyone about the incident they would kill him. Bowers found his way to the home of a friend, who gave him a ride home. He later received medical treatment for his injuries. While in the hospital, a police officer questioned him about the offense. Bowers identified the defendant in a police photo book as one of his assailants.

On cross-examination, Bowers testified that he did not know who had struck the first blow. He also said he did not know if Goldsmith kicked him or took his wallet.

The codefendant, Gary Goldsmith, testified for the defense. Goldsmith, who had pled guilty to a charge of aggravated battery in the instant cause, stated that he was the defendant's friend and cousin. He also testified that he, not the defendant, had beaten Bowers. He had done so because earlier in the evening Bowers had sold him something that Goldsmith did not believe was worth the $20 he had paid for it. According to Goldsmith, during the fight the defendant had helped get the children out of the way and had tried to stop Goldsmith from beating Bowers. Goldsmith stated that he alone had taken

the $20 from Bowers, blindfolded him, and driven him into the country.

Madelyn Ugolini corroborated Goldsmith's testimony that when Goldsmith had started hitting Bowers, she and the defendant had taken the children upstairs. She also stated that the defendant pleaded with Goldsmith to stop.

The defendant first argues on appeal that the trial court erred in excluding evidence of the alleged drug delivery Bowers made to Goldsmith on the evening of the offenses. The defendant contends that he was denied his constitutional right to present a defense and to confront his accusers.

■ The State replies that the defendant has waived this issue because he did not make an offer of proof at trial nor did he properly raise it in his post-trial motion. We note, however, that the motion *in limine* was based on statements by Goldsmith and Ugolini which were disclosed in discovery. The defendant also stated in his post-trial motion that the trial court had improperly granted the motion *in limine* because it prevented the defendant from revealing all of the facts to the jury. Under these circumstances, we find that the defendant sufficiently preserved this issue for review.

■ Addressing the merits, we find that the evidence lent credibility to Goldsmith's testimony that he, rather than the defendant, had attacked Bowers. Though there was evidence that Bowers had cheated Goldsmith in the sale of something, the jury was left wondering why Goldsmith would react so violently to having been cheated. The exclusion of the evidence made Goldsmith's account less credible, and it therefore offended the principle that a defendant is entitled to all reasonable opportunities to present evidence which might tend to create doubt as to his guilt. (*People v. Cole* (1964), 30 Ill. 2d 375, 196 N.E.2d 691.) Accordingly, we find that the trial court erred in granting the motion *in limine* and we reverse the defendant's convictions.

The defendant raises two other issues which may recur upon retrial. We shall therefore address them at this time.

The defendant argues that the trial court erred in admitting two police photographs of him into evidence. He contends that the photographs improperly suggested to the jury that he had been involved in criminal activity prior to the instant offenses.

■ The admission of police photographs into evidence is not error *per se*, even if they imply that the defendant was previously involved in criminal activity. (*People v. Friedman* (1986), 144 Ill. App. 3d 895, 494 N.E.2d 760.) In particular, police photographs are not improper evidence of other crimes where they are relevant to the issue of iden-

tification. (*People v. Denwiddie* (1977), 50 Ill. App. 3d 184, 365 N.E.2d 978.) The admissibility of photographs into evidence is a matter within the sound discretion of the trial court. *Friedman*, 144 Ill. App. 3d at 904, 494 N.E.2d at 765.

■ Officer Tim Reppin testified that when he spoke to Bowers at the hospital, Bowers said that he did not know the name of one of the men who had beaten him but that he could identify him in a police photo book. Reppin further stated that Bowers then slowly paged through a police photo book. When he saw the photographs of the defendant, he quickly identified him as one of the men who had attacked him. We find that the photographs were relevant to the identification issue and that the trial court did not abuse its discretion in allowing them into evidence.

The defendant next argues that the trial court erred in imposing extended-term sentences for aggravated battery and intimidation, because he was also convicted of the more serious offense of robbery.

■ Under section 5—8—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a)), a trial court is empowered to impose an extended-term sentence only on those offenses within the most serious class. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) Robbery, a Class 2 felony, is a more serious offense than intimidation and aggravated battery, which are Class 3 felonies. (Ill. Rev. Stat. 1985, ch. 38, pars. 18—1, 12—6(a)(1), 12—4(a).) Consequently, we find that the trial court erred in imposing extended-term sentences for aggravated battery and intimidation.

The judgment of conviction of the circuit court of La Salle County is reversed. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.