(No. 32300.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANCIS MICHAEL MURPHY, Plaintiff in Error.

*Opinion filed June 4, 1952—Rehearing denied September 15, 1952.*

Francis Michael Murphy, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and Basil Wilson, State's Attorney, of Salem, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

The plaintiff in error, Francis Michael Murphy, represented by competent counsel, appointed by the court, was found guilty of robbery by a jury in the circuit court of Marion County at the January term, 1948. Appearing *pro se* and presenting only the common-law record, he prosecutes this writ of error to review the judgment of conviction. Written motions for a new trial were overruled after argument. He was then sentenced by the court to the Illinois State Penitentiary at Menard for a term of not less than twenty years and not more than thirty years.

Plaintiff in error first complains that the court erred in giving instructions to the jury. The only instructions given by the People were four in number. The first one was a statutory definition of robbery and has many times been approved by this court. (*People* v. *Scarbak,* 245 Ill. 435.) The second instruction covering proof beyond a reasonable doubt has in almost exact form been approved in *People* v. *Steinkraus,* 291 Ill. 283. Instruction No. 3, concerning the degree of credibility to be given the testimony of a defendant, has frequently been approved by this court. (*Hirschman* v. *People,* 101 Ill. 568; *People* v. *Zajicek,* 233 Ill. 198.) The last instruction, stating the law where an alibi is relied upon for a defense, has also been approved. *People* v. *Robinson,* 308 Ill. 398.

It is further contended by plaintiff in error that the court erred in denying his motion to impound and to require the State's Attorney to produce the preliminary hearing record made before the police magistrate, which plaintiff

in error believes to be in possession of the prosecuting officer. There is no inherent right in a defendant to demand information which he believes may possibly be in the personal files of the State's Attorney, and in any event such motion is addressed to the sound discretion of the court, and only where it is made to appear that defendant cannot properly prepare his defense without a bill of particulars will the court require the prosecution to furnish one. *People* v. *Bain,* 359 Ill. 455.

Attached to a motion for new trial appears the affidavit of plaintiff in error stating that he personally observed Dorothy Barnes, one of the jurors in the case on trial, and Lilbourn Corzine, one of the People's witnesses, arrive at the court house in the same automobile on the second morning of the trial. In reply to this statement appears the joint affidavit of Lilbourn Corzine and Wayne Johnson alleging that they did, at the request of Dorothy Barnes, transport her in their car from Centralia to the Marion County court house on the explanation by Mrs. Barnes that it was difficult for her to obtain transportation; that at no time did Mrs. Barnes and affiants discuss the case of defendant or anything about it; that nothing was said by either Mrs. Barnes or by affiants relative to affiants being witnesses in the above entitled cause. Admitting the impropriety of witnesses and a juror traveling to the court house in the same car during the trial, the point was raised on motion for a new trial and held by the trial court as not prejudicial. Such misconduct, if any, must be determined largely by the trial court. *People* v. *Strause,* 290 Ill. 259; *People* v. *Stephens,* 297 Ill. 91.

We do not find any reversible error in the record, and the judgment of the circuit court of Marion County is affirmed.

*Judgment affirmed.*