People of the State of Illinois, Plaintiff-Appellant, v. Delmar Hoagland, Defendant-Appellee.

Gen. No. 66–111.

Second District.

May 24, 1967.

William R. Ketcham, State's Attorney, of Geneva, and W. Ben Morgan, Assistant State's Attorney, of Elgin, for appellant.

Hart, Banbury, Lawrence and Gullstrand, of Aurora, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal by the People of the State of Illinois from an order entered May 31, 1966, by the Circuit Court for the 16th Judicial Circuit, Kane County, that quashed an indictment against Delmar Hoagland.

On January 10, 1966, Hoagland was indicted for the offense of armed robbery. On February 3, 1966, Hoagland, by his attorney, filed a motion which stated that the defendant "believes" that one or more of the witnesses for the State "have given statements to the State's Attorney, State Police, Police Department of the Village of West Dundee or St. Charles Police Department with regard to the facts and circumstances surrounding and involving" the charge. The motion further recited that "justice demands" that the State furnish the defendant any such statements as well as any other evidence favorable to the defendant. It also asked that the records of the various police departments be made available to the defendant's attorney for his inspection "to properly determine whether there is evidence in the possession and control of the prosecution favorable to the defendant."

On March 31, 1966, a brief order pursuant to that motion was entered that provided "that the Police De-

232 .

partments be directed to allow the defendant or his attorney to copy police reports in regard to the above captioned causes of action . . . ." However, that order was apparently vacated by agreement of the parties and a more extensive hearing was held on the original motion. Thereafter, the court entered a detailed order dated April 28, 1966, but not filed until May 31, 1966. That order provided as follows:

> "1. That the State's Attorney of Kane County, William R. Ketcham, the Illinois State Police, the Police Department of West Dundee, Illinois, and the Police Department of the City of St. Charles make available their entire respective files in the above-captioned matter for inspection and copying by the defendant or his attorneys; and,

> "2. That the State's Attorney, William R. Ketcham, the State Police, the Police Department of the Village of West Dundee, and the Police Department of the City of St. Charles delete or withdraw from those files nothing whatsoever, of any kind, or nature, regardless of the nature or content of said information; and that defendant or his attorney be permitted to examine and copy anything and everything of whatsoever kind or nature in said files; and,

> "3. That this court will not examine or review any of said files with a view to deleting or removing from said files any matters of whatever kind or nature which may be contained in said files, before directing that said files be opened up for examination and copying by the defendant or his attorneys; . . ."

The State's Attorney for Kane County refused to comply with the order and, pursuant to a further motion of the defendant, the indictment was quashed and this appeal followed.

■ It has been the law in Illinois since the 1957 decision of The People v. Moses, 11 Ill2d 84, 89, 142 NE2d 1, that a defendant in a criminal trial is entitled to the production of any statements or documents that are contrary to the testimony of a prosecution witness for purposes of impeachment. In that case, the defendant was charged with armed robbery and it was established that an eyewitness for the State had given the police a description of the robber on the day of the crime. The court ruled that the defendant was entitled to inspect the police records of the prior statements of the witness at the trial.

The Moses' decision was given further support in the 1960 case of The People v. Wolff, 19 Ill2d 318, 323, 167 NE2d 197, forward. Wolff was also charged with armed robbery. At his trial his attorney, in the cross-examination of an eyewitness for the State, attempted to establish that the witness had furnished the police with a description of the criminal shortly after the robbery. The trial court sustained the State's objection to the questions and ruled that the defendant had no right to the production of any prior statements of a prosecution witness. The Supreme Court held that this was error on the basis of the Moses' decision although the case was not reversed since the guilt of the defendant was sufficiently established by other competent evidence.

The Wolff case contains a detailed discussion of evolution of the Federal rule on the subject from the decision of Jencks v. United States, 353 US 657, through the resultant "Jencks Act" of Congress, Public Law 85–269, September 2, 1957, to the case of Palermo v. United States, 360 US 343. The court expressed approval of the Federal rule and repeated its doctrine as enunciated in the Moses' case with the following further elaboration at p 327:

"Accordingly, we adopt the view that where no privilege exists, and where the relevancy and competency

234

of a statement or report has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced contains matter which does not relate to the testimony of the witness sought to be impeached, the trial judge will inspect the document and may, at his discretion, delete unrelated matters before delivery is made to the accused."

■ ■ Under both the Federal rule and the decisions in Illinois it is necessary that the defendant establish that specific prior statements by the witness do exist and that the statements are either in his own words or substantially verbatim. The People v. Neiman, 30 Ill2d 393, 397, 197 NE2d 8. The defendant may demand that a record of the prior statements be made available to him for the purpose of impeachment. If the prosecution claims that part of the report contains matter that is not relevant, the trial court should examine the documents and, at its discretion, delete the unrelated material before delivery to the accused. The People v. Wright, 30 Ill2d 519, 529, 198 NE2d 316.

■■ The doctrine has been expanded to include the defendant's right to inspect any written material that a prosecution witness has used to "refresh" his present recollection. The People v. Scott, 29 Ill2d 97, 111, 193 NE2d 814; The People v. Hartgraves, 31 Ill2d 375, 377, 202 NE2d 33. However, it has not been extended to permit an accused an unlimited license to examine police reports. The People v. Ostrand, 35 Ill2d 520, 531, 221 NE2d 499.

■ The appellee in this case cites most of these same decisions in support of his position that the order of the trial court was correct. However, it is obvious that the order of May 31, 1966, not only involves an astonishing extension of the established rule but a radical departure

from it. The defendant has not specified the statements or documents that he is entitled to inspect, but only that he "believes" statements have been made. He does not seek them for impeachment purposes since the trial has not commenced and no witnesses offered by the State. The trial court does not intend to exercise its function under the rule but states that it renounces that function and will not itself examine the police files. Instead, the order permits the defendant an unrestricted right to rummage through the files of the police and the State to discover what he may. Such a right clearly does not exist under the present law, nor in our opinion, should it be created for the future.

Although this appeal is technically only from the order that quashed the indictment, we reverse both that order and the order dated April 28, 1966, and remand the cause for reinstatement and further action.

Reversed and remanded.

DAVIS, P. J. and MORAN, J., concur.