People of the State of Illinois, Plaintiff, v. James Hall and Raymond Gathright, Defendants.
People of the State of Illinois, Plaintiff-Appellee, v. Herman H. Rimmerman, Defendant-Appellant.

Gen. No. 67–9.

Third District.

June 28, 1967.

Richard Stengel, State's Attorney, and Franklin S. Wallace, of Rock Island, for appellant.

Kenneth M. Collinson, of Rock Island, for appellee.

ALLOY, J.

In the cause now before us, defendants James Hall and Raymond Gathright were indicted for the crime of Indecent Liberties with a Child. Following arraignment of the defendants, their attorney filed a motion to require the State to furnish "any written statements or memoranda containing statements made by witnesses for the People given to a law enforcement officer and containing a substantially verbatim account of a conversation between a witness for the People and a law enforcement officer." The motion was made prior to the trial. The trial court entered an order requiring the State's Attorney to furnish the defendant's attorney with such statements. Thereupon, the Assistant State's Attorney refused, contending the order was improper. A rule to

show cause was thereafter issued. Upon the continued refusal of the Assistant State's Attorney he was found to be in contempt of court and fined $50. He appeals to this court from such finding of contempt of court and the fine.

On appeal in this court, the People contend that the order of the trial court directing the delivery of the statements of prosecution witnesses in possession of the State *prior* to trial is an invalid order. It is the contention of appellant that a defendant in a criminal case is not entitled to prior statements of the witness until the witness testifies or is about to testify and that such statements may be used only for impeachment. The trial court in concluding that the statement of the witness should be furnished to the defendant, asserted that if the defendant is furnished the copy of the witness' statement only when the witness commences his testimony, defendant will request a recess for the purpose of examining the statement for possible impeachment and that this would cause an interruption in the trial or possible continuance and delay of the trial. The court asserted that it believed it to be a matter of the judge's discretion as to whether the statements of prosecution witnesses should be furnished to a defendant and the ordering of the statements furnished in advance of the trial for the purpose of expediting the trial is not an abuse of discretion.

In recent years it has been the rule in Illinois and the Federal Courts that a defendant in a criminal case may, by motion, require that the prosecution produce during the trial any statements of witnesses testifying at the trial which are in possession of the prosecution and relate to matters about which the witness testified. This rule was set forth by the United States Supreme Court in the case of Jencks v. United States, 353 US 657, 1 L Ed 2d 1103. In September of 1957, the National Congress enacted the rule set forth at 18 USC § 3500 which pro-

vided in substance that after a witness is called by the United States and has testified on direct examination, the court, on motion of the defendant, may order the United States to produce any statements of the witness in possession of the United States which relate to the subject matter as to which the witness has testified. This has been known as the Jencks Act and the rule has been followed in Illinois (People v. Wolff, 19 Ill2d 318, 167 NE2d 197). It is notable that in neither the Jencks case nor in the case of People v. Wolff, supra, is there any precedent or basis for production of documents prior to actual trial and before testimony of witnesses whose written statement is being sought. In the same year (1957) the Illinois Supreme Court in People v. Moses, 11 Ill2d 84, 142 NE2d 1, stated it was error to refuse to turn over statements made by prosecution witnesses. The court stated (at page 89) :

"So it is now held that an accused person is entitled to the production of a document that is contradictory to the testimony of a prosecution witness."

It is notable that the request for such document was made by defendant during the trial.

In People v. Wolff, 19 Ill2d 318, 167 NE2d 197, decided in 1960, the Illinois Supreme Court, after discussing in detail the Jencks case and the Federal rule arising from the Jencks Act, adopted the Federal rule specifically and stated (at page 327) :

". . . we adopt the view that where no privilege exists, and where the relevancy and competency of a statement or report has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced contains matter which does not relate to the testimony of

405

the witness sought to be impeached, the trial judge will inspect the document and may, at his discretion, delete unrelated matters before delivery is made to the accused."

In the Wolff case, the statement of the witness was made to a policeman. It is noted also in the Wolff case, the question arose during the trial. The same rule was applied to the record of prior testimony of a court witness before the Grand Jury in the case of People v. Johnson, 31 Ill2d 602, 203 NE2d 399. The court in that case (at page 606), after determining that the reason for secrecy of the Grand Jury testimony had passed since the witness had testified at the trial, found that the statement should be furnished to defendant to be used for impeachment purposes at a subsequent trial.

In 1965 in People v. French, 61 Ill App2d 439, 209 NE2d 505, the court was confronted with the problem of whether the transcript of testimony of a witness before the Grand Jury could be obtained by defendant in preparation for trial. The Appellate Court, in determining that such transcript need not be furnished prior to trial stated (at pages 446–447):

"The State's Attorney indicated to the court that if the witness in question were called upon to testify at the trial, he would then produce the transcript of that witness' testimony before the grand jury to the court, and if the court found anything of an impeaching nature in the transcript it could then be delivered to the defendant's attorney."

The court, recognizing that there was a distinction between this case and the Johnson, Moses and Wolff cases, principally because the witnesses had not yet testified in the French case, stated (at page 445):

"He has not yet stated before the defendant and the world all that he supposedly knows about the

commission of the crime in question. Until he does so testify, no matter how vital his knowledge may appear, there can be no certainty that he will testify. If such witness testifies truthfully at the trial, he should have no reason to fear the disclosure of his prior grand jury testimony. 'If he tells the truth and the truth is the same as he testified before the grand jury, the disclosure of the former testimony cannot possibly bring to him any harm . . . which his testimony on the open trial does not equally tend to produce. If on the other hand his testimony now is inconsistent with that before the grand jury, the privilege ought not to apply.' "

In People v. Ostrand, (1966) 35 Ill2d 520, 221 NE2d 499, the Supreme Court again reiterated (at page 531) that:

"No Illinois authority is cited, and we are aware of none, that requires the State to furnish defendant with a list of occurrence witnesses whom the State has no intention of calling in its behalf. Insofar as defendant's other pretrial motions call for the production of police reports, it is clear that such material need not be disclosed unless sought for impeachment purposes at the trial after a witness has testified. (People v. Turner, 29 Ill2d 379, 383, 194 NE2d 349; People v. Wolff, 19 Ill2d 318, 323, 167 NE2d 197.)"

While the case of People v. French was the only case which was brought to our attention involving a request for documents prior to the trial and involved a Grand Jury transcript, the language of this case indicates that the same rule would apply to any statement of witnesses in possession of the prosecution.

Defendant in this cause has vigorously contended that the question of pretrial discovery should rest in the sound

discretion of the trial judge. A number of cases from other jurisdictions have been directed to our attention, but we find no precedent in such cases which we feel would justify the invocation of such doctrine. It is emphasized by the defendant that the objective of a trial is to get at the truth and to allow defendant access to statements prior to trial in the discretion of the trial court will aid in achieving such purposes. Both the Federal courts and the Illinois courts have emphasized that the production of such statements for the purpose of allowing defendant to use such statements for impeachment purposes only is in furtherance of the objective of ascertaining the truth. Defendant is deemed adequately protected if the statement is furnished to him during the trial. The circumstance that this may cause delay in the trial while the statement is examined does not appear to us to be an overriding reason for permitting delivery of statement prior to trial.

In the course of the briefs, both the defense and prosecution have reiterated the difficulties attendant upon prosecuting and defending a criminal case. The prosecution argues that the present rules in view of the Miranda case and similar cases have weighted the rules against the prosecution and that to add a further limitation requiring delivery of statements made by prosecution witnesses prior to trial (and who in fact may not even be called as witnesses) would severely hamper the prosecution of similar cases and put such witnesses under great pressure and duress from defendants or their representatives. Defendant, on the other hand, asserts that the prosecution has a staff of investigators and is well equipped to proceed with whatever is required in investigating a case whereas a defendant is not in position financially to afford such investigators. Under the laws of the State of Illinois, a defendant in a criminal case has certain rights rela-

tive to discovery which are granted by the State. These include serving him with a copy of the charge, a bill of particulars, a list of witnesses for the prosecution, a copy of any written or oral confessions made by defendant, and a sample of handwriting to be used at the trial if this becomes relevant. No statute of the State of Illinois nor any precedent which has been discovered by us or cited by the litigants requires the production of prosecution witnesses' statements to the defendant prior to the trial.

So far as discovery procedure is concerned, the Illinois Revised Statutes (c 38 § 114–13) provides that discovery in criminal cases shall be in accordance with Supreme Court Rules. The Illinois Supreme Court has not established any specific rules regulating discovery procedure in criminal cases so that our only guide becomes the precedents and the specific statutes which have thus far been enacted.

To impose upon the trial judge the discretionary right to order production of documents, it appears to us, would create a standard which would be very difficult to follow and which would impose an unreasonable burden upon the trial judge. Defendant asserts in this court that the trial judge would know all the attorneys and would be able to exercise a discretion which would prevent the prosecution witness from being harassed or threatened prior to trial. How this could possibly apply in a community the size of Chicago or some of the larger communities in the State is not clear to us. The probability of an objection to such a standard on the ground that it does not give each defendant equal protection of the laws in permitting any defendant to have the same rights to access to prosecution witnesses' statements appears to us to be a very cogent reason for having a rule which applies equally to all parties and does not put the trial judge in the unenviable position of exercising such a difficult discretion in criminal cases.

■ ■ We feel that no precedent authorizes the production of prosecution witnesses' statements prior to trial, but that such statements can only be required to be produced during the trial when the party in fact becomes a witness and then can be used for impeachment purposes only. We are, therefore, confronted with the problem as to whether or not this court should assert a rule of the character announced in this case in the trial court in making such production discretionary with the trial court. We do not feel that we are justified in doing so and conclude that this is a problem for the Supreme Court to establish by rule, if it so determines (or, if the Legislature so desires) it could become an area for legislative enactment. We, therefore, conclude that the trial court improperly ordered the production of prosecution witnesses' statements and that the contempt order which followed in an attempt to enforce such invalid order was improper.

The orders of the Circuit Court of Rock Island County were improper and, therefore, should be reversed and this cause should be remanded to the Circuit Court of Rock Island County for further proceedings consistent with this opinion.

Reversed and remanded with directions.

STOUDER, P. J. and CORYN, J., concur.