THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT
HARDNETT, Defendant-Appellant.

(No. 70-9; )

Second District—June 9, 1971.

John T. Beynon, Public Defender, of Rockford, (John F. McNamara, Assistant Public Defender, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (G. W. LaFayette, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant appeals from an order entered August 14, 1969, by the Circuit Court of Winnebago County, wherein the Court revoked the probation and sentenced defendant to not less than 4 nor more than 10 years in the penitentiary.

On July 19, 1968, defendant was tried by a jury for the offense of burglary and on November 12, 1968, he was admitted to probation for a period of 5 years.

On April 11, 1969, the State's Attorney of Winnebago County filed a petition to vacate the defendant's probation in which he charged the defendant with contributing to the sexual delinquency of a child under the age of 18 years. Defendant appeared in court on this charge April 14th.

On May 16, 1969, an amended petition to vacate the probation was filed which contained the original charge of contributing and further charged that he had committed the offense of battery against another girl on May 14, 1969. The Public Defender was appointed to represent the defendant, a list of witnesses was given, and the State filed an answer relative to disclosure of evidence. The first hearing for the revocation of probation was heard on July 7th, 1969, and the matter was continued for several hearings during the months of July and August.

At the conclusion of the first part of the hearing the judge found that the defendant had violated his probation by contributing to the sexual delinquency of a child under the age of 18 years. The court then proceeded with the hearing as to the alleged offense of May 14th, 1969. The allegation there was that the defendant assaulted another girl by striking her and choking her. The court considered the alibi defense of the defendant and found him "not guilty" of this charge. Technically, the finding of the court should have been that the defendant was not guilty of violating his probation under this portion of the charge. A final hearing was held on August 14, 1969, at which time six witnesses, who had worked with the defendant before and during his probation, testified in his behalf. The Court thereupon entered the order revoking his probation and sentencing him to 4-10 years in the penitentiary. This appeal concerns itself solely with the first allegation of violation of probation involving the contributing to the sexual delinquency of a child.

■■ First contention of the defendant is that he was entitled to a trial by jury upon his hearing for revocation of probation. This is not the law in Illinois. The leading case in Illinois on this subject is *People v. Price*, 24 Ill.App.2d 364, 164 N.E.2d 528, 1960. The contention in *Price* was in substance that the defendant must be found guilty of the subsequent offense before an order may be entered revoking the original order of probation. The court went on to say in citing *People v. Kostaken* (1958), 16 Ill.App.2d 395, 148 N.E.2d 615, that the defendant "upon a proceeding to revoke an order admitting him to probation is entitled to a fair hearing but not entitled to a jury trial." The court further stated:

"A defendant in every case where probation has been granted is entitled to a conscientious judicial determination according to accepted and well recognized procedural methods upon the question whether the conditions imposed upon the defendant when he was admitted to probation have been violated. Such a defendant is entitled to know the nature of the charge in advance of any hearing wherein he is alleged to have breached the order granting him probation and must be given an opportunity to answer any charge that has been preferred against him."

In *Kostaken* the court distinguished, as this court does from the instant case, the case of *People v. Burrell* (1948), 334 Ill.App. 253, 79 N.E.2d 88, where that court held that the state was not required to prove a violation of the probation order beyond a reasonable doubt. This is and has been the law of this state for many years. However, in *People v. Burrell,* the court reversed the lower court as the defendant was not afforded counsel as was done in the instant case. The court further distinguished *People v. Warren* (1942), 314 Ill.App. 198, 40 N.E.2d 845, where the revocation of probation was predicated upon hearsay statements.

■■ Defendant further alleges error and denial of due process in that the State was permitted to establish the offense in violation of probation by a preponderance of the evidence. This court is unable to find any case in Illinois that holds that the probationer must be proven guilty beyond a reasonable doubt or convicted of the subsequent crime as a basis for the revocation of probation. (Ill. Rev. Stat., ch. 38, par. 117—3.) The law of Illinois interpreting this section is clear and replete with cases holding that the State need not prove the probationer guilty beyond a reasonable doubt, but that the violation may be proved by the greater weight of, or the preponderance of the evidence.

Counsel for defendant assiduously contends that the law should be to the contrary. When a defendant is found guilty of a felony and placed on probation, the first condition of that probation in every case is that he shall "not violate any penal statute or ordinance of any jurisdiction." Probation is revoked in many instances for a variety of reasons other than commission of a criminal offense.

■■ The court believes that a concise statement of the law regarding revocation of probation is that the defendant is entitled to a conscientious judicial determination by a preponderance of the evidence under orderly procedural methods. He is not entitled to a jury for this purpose. He is entitled to the appointment of counsel and is to be furnished with all information as to the offense charged for revocation. The question of revocation of probation normally rests within the sound discretion of the

trial judge. *People v. Brooks* (1966), (214 N.E.2d 498, 67 App.2d 479); *People v. Fields* (1959), (161 N.E.2d 606, 23 App.2d 128); *People v. Dotson* (1969), (111 App.2d 306, 250 N.E.2d 174); *People v. Morgan* (1965), (55 Ill.App.2d 157, 204 N.E.2d 314).

*People v. Dwyer* (1965), 57 Ill.App.2d 343, 206 N.E.2d 113, cited by defendant is distinguishable from the instant case as the revocation order was based upon the alleged possession of beer and the theft of a tire by the defendant. However, the defendant's brother testified that he in fact had stolen the tire, and that the defendant did not know about it nor was there any evidence that the case of beer in the car was in the possession of, or purchased by the defendant in violation of the terms of his probation. The court reversed the case upon the facts which are not applicable to the instant case.

The further case cited by the defendant, *People v. Moore* (1886), 62 Mich. 496, is likewise not applicable as this case involves a charge that the defendant violated a pardon given by the Governor. It is obvious that a pardon absolves the defendant of his debt to society and is in no way applicable to a probation revocation.

■■ The defendant further urges that the court erred in failing to grant the motion for complete disclosure by the State. The record does not show prejudice as a result of the denial of this general and widely encompassing motion. The defense is entitled to examine police reports for impeachment purposes after the witness has testified at the trial. There is no indication or showing that any evidence favorable to the defendant and in the possession of the State was withheld from him as to be so detrimental as to result in any reversible error. *People v. Hall* (1967), 83 Ill.App.2d 402, 227 N.E.2d 773; *People v. Crawford* (1969), 114 Ill.App.2d 230, 252 N.E.2d 483; *People v. Durso* (1968), 40 Ill.2d 242, 239 N.E.2d, 842; *People v. Davenport* (1969), Ill.App.2d 197, 249 N.E.2d 328; *People v. Wolf* (1960), 19 Ill.2d 318, 167 N.E.2d 197; *People v. Savage* (1968), 102 Ill.App.2d 477, 242 N.E.2d 446.

The Code of Criminal Procedure provides that discovery procedures in criminal cases shall be in accordance with Supreme Court rules (ch. 38, par. 114—13 I.E.S.) and no rules have been established, but there are numerous cases on the subject. And the record here does not disclose that the defendant did not receive a fair hearing in this proceeding or that the establishment of truth was prevented. See *People v. Savage, supra, People v. Jordan* (1970), 121 Ill.App.2d 388, 157 N.E.2d 536.

■■ Inasmuch as there are no Supreme Court rules on discovery in criminal cases, this court retains the traditional view that the delivery of alleged documents in the possession of the prosecution to an accused rests in the discretion of the trial judge. In all instances, evidence favor-

able to the defendant should be made available to the defendant. (*People v. Moses* (1957), 11 Ill.2d 84, 142 N.E.2d 1.) In the absence of any showing that any evidence was withheld, this court will not substitute its judgment for that of the trial court.

■■ We next consider the question of whether or not the State has in fact proven by a preponderance of the evidence the offense which is the basis for the revocation of probation. Defendant lays stress on the fact that the minor female did not immediately report the incident to her family, that it was not immediately reported to the police, and that when it was reported, her signed statement as to what transpired based on her oral statement to the authorities in the morning differed from what she said was a true statement given in the afternoon, which was in keeping with her testimony before the Court. Defendant contends her testimony as a result must be considered entirely untrustworthy, although it was not contradicted at the hearing. There is no question but that considerable time elapsed between the incident charged and the reporting of it by the minor female. There is also no question as to the difference in the two statements given on the same day. However, her testimony in court was straightforward and was corroborated and the trial judge had an opportunity to observe her and the supporting witnesses. It is not incredible that a sixteen year old girl would be hesitant about reporting that she had gotten into a car in the evening with a young man she didn't really know, who then took her to another area of the city and forced her to have sexual intercourse. It is understandable that she was frightened and did not wish everyone to find out, and was more concerned with protecting her own reputation than bringing the man into court. But there is nothing in the record to justify a finding that the testimony of the minor female was beyond belief, or that she was not in a position to identify her assailant, or that she made up the story told under oath in court. We are unable to find from the record that we should substitute our judgment for that of the trial judge and hold that the State failed to prove its case by a preponderance of the evidence. This is not a situation where the testimony was obviously shaky and unconvincing and defendant was not ably represented. (See *Burrell* and *Dwyer, supra.*) Nor is it in the same category as *People v. Arroyo* (1969), 112 Ill.App.2d 480, 251 N.E.2d 409, where the court was confronted with the testimony of a co-defendant.

The trial court did find the testimony of the witnesses for the State to be credible and convincing, and uncontradicted.

■■ The case of *People v. Hampton* (1969), 44 Ill.2d 41, 252 N.E.2d 385, states the position of this court, and the courts of Illinois in regard to credibility evidence.

"This court has consistently held that it is the function of the trier of facts to determine the credibility of the witnesses and its finding of guilty will be disturbed only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. The testimony of a single witness, if it is positive and the witness is credible is sufficient to convict even though it is contradicted by the accused. [Citations.]"

In the instant case, the standard, as pointed out earlier, was by the preponderance of evidence. And a careful review of the testimony of the minor female does not add to the conclusion that it was not clear and convincing. The defendant did not testify nor offer any explanation in his own defense. The testimony of the minor female here was not doubtful, vague, and uncertain.

The final contention is that the sentence imposed upon the vacation of the defendant's probation, was too severe in view of all the circumstances.

In 1963 the defendant was found guilty of armed robbery and sentenced to the penitentiary. As indicated above, he was found guilty of burglary by a jury in 1968 and placed on probation for a period of five years. Counsel for the defendant has pointed out that a number of prominent people from Rockford testified in his behalf, including teachers, educators, and a priest. Counsel further pointed out that in considering revocation of probation, the court should consider the nature of the offense, the attending circumstances, the character and propensities of the defendant, and his chances of rehabilitation. There is no question but that all of these witnesses counseled the defendant and extended themselves in his attempted rehabilitation to the point of getting him a position as counselor with "SOCK" (Summer Opportunities to Challenge Kids). This certainly should be considered, but notwithstanding all the efforts of these prominent people on his behalf, and notwithstanding the fact that he was a counselor for young people, the trial court found that he contributed to the sexual delinquency of a sixteen year old girl by having sexual intercourse with her. Under the circumstances this court will not substitute its judgment for that of the trial court. Judgment affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.