THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN M. WILLIAMS *et al.*, Defendants-Appellants.

(No. 70-131; ▮▮▮▮▮▮▮▮▮▮)

Third District—June 14, 1971.

STOUDER, J., specially concurring.

Theodore Gottfried, of Defender Project, of Ottawa, for appellants.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

John M. Williams and Joe Dorris, defendants, were convicted of burglary and sentenced to terms of not less than 6 nor more than 15 years in the penitentiary following a verdict of guilty. Prior to the trial, on March 23, 1970, defendants, represented by the public defender of Henry County, filed a motion for discovery which included a request for "production and copy of any statements, oral or written, made by any witnesses for the State that may have been reduced to writing", and for "production and copy of any oral statements that the defendants may have made that may have been reduced to writing". The State, in its answer to the motion, indicated it had no oral statements made by defendants which had been reduced to writing and that it would have the previous statements of any witnesses ready at the time of trial. The trial court granted the request for production and copy of any oral statements made by defendants and reduced to writing, and the prosecution was ordered to have statements of witnesses for the State ready at the time of trial, for use by defendants for impeachment purposes.

At the trial, the State presented the testimony of the person who owned the car involved in the alleged burglary and his wife, and his uncle. The attorney for defendants was given a copy of the prior oral statements made by these persons to the police which had been reduced to writing. This was in compliance with the court order for such production. It is contended by the defendants that they learned for the first time, that

the statements of such witnesses contained references to statements attributed to the defendants by the witnesses. The State asserts that the defendants could not have been surprised by the witnesses' references to conversations with defendants.

■■ On appeal in this Court, defendants contend that they were denied due process of law by the court's failure to order the production of any oral or written statements of any witness for the prosecution prior to trial. It is claimed, in connection with the statements of the witnesses, that certain discrepancies between the testimony of the witnesses and their statements reduced to writing show how important it was for the defense to be able to view the statements of the three witnesses before trial. Particular emphasis is placed on the case of *People v. Crawford*, 114 Ill.App.2d 230, in which the court granted a pre-trial motion made by the defense for a copy of all statements of any witnesses in the case. The State's Attorney had refused to comply and was fined $100. The Appellate Court in that case concluded that the trial court had the discretion and authority to allow such pre-trial discovery to assure defendants of a fair trial. That court took notice of the American Bar Association Standards Relating to Discovery and Procedure Before Trial, and also, cited Justice Fortas' special opinion in *Giles v. Maryland*, 386 U.S. 66, 17 L.Ed. 737, where the Judge emphasized that it should be the prosecution's constitutional duty to disclose voluntarily material in its exclusive possession which is exonerative or helpful to the defense, which material the State would not use affirmatively to prove guilt and which it should not conceal.

In the cause before us, there is a contention made that the defendants were surprised to find certain statements made by witnesses for the State containing elements of conversation with the defendants. At the hearing on the motions filed by defendants for discovery, there were arguments by counsel regarding the allowance of defendants' requests. It is apparent from the record that defendants requested specifically any oral statements made by the defendants to the State which had been reduced to writing. There was no specific reference to statements made by witnesses for the State which contained information the witnesses may have had of facts and circumstances involving the crime or of statements to or conversations with defendants by such witnesses. It is clear, therefore, that the State did not intentionally mislead defendants in this cause.

■■ We agree with Justice Fortas in *Giles v. Maryland*, 386 U.S. 66, 101—2, that it should be the duty of the State to voluntarily disclose material in its exclusive possession which would exonerate the defense, which the State would not affirmatively use to prove guilt and which it should not conceal. No such issue is involved here.

In the cause before us, the defendants did have the statements at the time of trial. They only point out minor discrepancies in the statements of the various witnesses with respect to the actual testimony given by such witnesses at the trial. There is nothing in the record which could lead the court to believe that the availability of the statements prior to trial could have resulted in acquittal of defendants. No request for a continuance was made by counsel for defendants at the time of trial, after the witnesses' statements had been tendered and read on behalf of defendants. In considering the motion for new trial, the court concluded that defendants had not been prejudiced by any inconvenience or detriment resulting from not having possession of the statements made by the prosecution witnesses before trial.

We note that in *People v. Crawford*, 114 Ill.App.2d 230, the trial court permitted a very wide latitude in the field of discovery. The court on appeal confirmed the discretion of the trial court to determine the extent of discovery in the case. In the cause before us, the trial court did not conclude from the pleadings and the arguments which were heard at the time of request for discovery, that production of the witnesses' statements should be required prior to trial. As indicated in *People v. Murphy*, 412 Ill. 458, motions of this type are addressed to the sound discretion of the court.

We have also noted that a list of all witnesses to be called by the prosecution was delivered to defendants well in advance of trial, including a list of all witnesses who may have had conversations with defendants (naming the persons whose statements are the subject of consideration in this cause). A list of all physical evidence which the State intended to produce was also given to defendants. There is nothing to show that defendants did not have ample opportunity to investigate and examine the witnesses in advance of trial if they had desired to do so. There is, also, nothing to show lack of cooperation from the standpoint of witnesses. Similarly, there is nothing in the record which shows that the attorney for defendants was foreclosed or limited in his time or opportunity to cross-examine the witnesses.

■■ From an examination of the record, therefore, we conclude that the trial court, in any event, did not abuse its discretion in refusing to order production of any oral or written statements of witnesses for the prosecution prior to trial. The delivery of such statements at the time of trial was consistent with the precedents in this State and afforded defendants ample opportunity for impeachment. As we have indicated, the record supports the trial court in its conclusion that the availability of the statements prior to trial could not have resulted in the acquittal of defendants.

Since we find no reversible error in this cause by reason of the orders entered by the Circuit Court of Henry County referred to in this case, the judgment of the Circuit Court of Henry County is affirmed.

Judgment affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER specially concurring:

I concur with the result reached by the majority of the court because as applied to the facts of this case no prejudice has been shown to have resulted from the trial court's order denying pre-trial production of the statements of witnesses whether such order was right or wrong. It seems to me the majority opinion is somewhat equivocal in its discussion of *People v. Hall*, 83 Ill.App.2d 402, 227 N.E.2d 773 and *People v. Crawford*, 114 Ill.App.2d 230, 252 N.E.2d 483. I do not believe the *Hall* and *Crawford* cases are reconcilable or compatible and the failure of the majority to clearly so indicate can only result in further confusion.

The reluctance of the majority of the court to overrule *People v. Hall*, *supra*, may be due to the fact that, at least in part, the decision is that of this division of the court. I do not believe *People v. Hall* should be followed. The reasoning and result in *Crawford* are more persuasive on the issues involved in the case at bar and while I believe the majority is more sympathetic to and in accord with the views of *Crawford* the opinion seems reluctant to lay the rule of *Hall* aside.

In justification of the rule of Hall at the time and in explanation of what I believe to be an appropriate change in the rule, I think it can be said that pre-trial discovery in criminal cases was at an early evolutionary stage. At the time it was generally thought the Supreme Court would shortly consider the subject and promulgate general rules. It was not fully realized that decisions denying pre-trial discovery had the same substantial effect on the subject as would rules. Since the decision in *Hall* and also in *People v. Hoagland*, 83 Ill.App.2d 231, 227 N.E. N.E.2d 111, it appears that an *ad hoc* development of the subject on a case by case basis is probably an intregal part of the evolutionary process regarding the subject and rules. This is the position taken by the court in *Crawford* and I think represents the view which ought to prevail at this time.

The traditional view that secrecy, concealment or non-disclosure are essential elements of an adversarial judicial system has maintained its vitality even though in the abstract the bench and bar have longed realized it as an enigma in the truth seeking process. Generally speaking

we have placed a high value on the unfettered availability of knowledge and information as a pre-requisite to an informed rational decision or choice of alternatives. Yet in the area of criminal justice we negate this principle and require the defendant to determine upon a course of action or prepare a defense with only minimum information available. While the importance of the adversarial system continues undiminished its nature is changing partly in recognition of the changes in the roles of the adversaries and partly because continued examination of the problems by legal scholars, bench and bar have cast doubts on the efficacy of rules heretofore thought indispensable.

One of the more important changes which has occurred effecting the character and balance of our adversarial system is the changing rule of the prosecution. At least in the last century no serious student of our system of criminal justice would have suggested that the state and the defendant are equal adversaries. They are equal only in the fictional sense that there are two sides to a criminal case and each party occupies one side of the case. More important in the consideration of present trends regarding the adversarial system is the changing balance in the dual roles occupied by the prosecution. In this role change we still expect the prosecution to act differently than as a mere adversary and we believe that society's conscience still requires the prosecutor to act as the society's agent and not merely as one party in an adversarial system.

The prosecution early contended that it ought not to be required to divulge the names of witnesses and the courts approved such position because the witnesses might be intimidated and the defendant might successfully defend himself by perjury if aware of what the witnesses might say against him. Whether the rule was justified by the reasons or not the change in the rule resulting in part from the changes in our views on a fair trial have not produced to any discernible extent the contemplated abuses. Currently the argument of the prosecution seeking to oppose disclosure has gone full circle and the prosecution now argues that it ought not be required to produce statements of witnesses because the defendant knowing the names of such witnesses is well able to question the witnesses himself and secure the desired information. This argument is based upon a supposed equality between prosecution and defense and ignores the dominant position occupied by the prosecution with its witnesses, usually police officers or individuals questioned by police officers. It requires no particular insight to conclude that the probability of such witnesses responding cooperatively and favorably to the defendant's inquiry is low indeed. At this juncture the more critical question is if the defendant is entitled to question the witnesses before trial is it not of equal

or even more importance that the defendant know what such witnesses may have previously said? The importance of what a witness may have previously said has been partially recognized in the development of our rule regarding production of statements after the witness has testified. The reason for this rule has little to do with pre-trial discovery because it is based on the rule that great latitude and liberality ought to be afforded in testing the credibility of a witness by impeachment. Even as an extension of this rule it would appear that the availability of such statements prior to trial would substantially improve the testing of credibility both as a matter of mechanics and procedure and as a matter of thoughtful consideration. Even though courts seem to have recognized that production of pre-trial statements after the witness has testified may be somewhat ineffective procedurally, nevertheless there has been a tendency to resist prior disclosure by mechanically applying the traditional view approving secrecy and concealment. The *Crawford* case and the cases cited therein recognize that our current ideas of a fair trial are better served by disclosure and further that pre-trial disclosure may be the only way to afford a defendant a fair trial. Recent trends indicate that as a part of a fair trial the defendant should be advised of favorable evidence before trial, the state should not suppress evidence favorable to the defendant and finally the state is bound to correct any known perjury of witnesses which it has presented. Even neglecting the application of the more general principle that the interest of justice will best be furthered by the defendant's knowledge of the facts rather than his ignorance thereof, it would appear that without some pre-trial discovery the procedures for discovering what may be regarded as misconduct of the prosecution are not available and under present rules such delinquencies are likely to be discovered only fortuitously. If the duty exists as I believe it should, to produce pre-trial statements of witnesses and reports of investigators, problems attendant upon the requirement that the prosecution disclose or furnish favorable evidence are ameliorated. Thus the general beneficent principle of disclosure as against concealment finds support in the extensions of other rules tending to afford the defendant a fair trial, at the same time avoiding the arbitrary and haphazard results of our present voluntary system of disclosure.

One of the more frequent objections to pre-trial discovery in criminal cases currently in vogue is the contention that the prosecution ought not to be required to make pre-trial discovery in the absence of a *quid pro quo*. In my opinion this is a *non sequitur* and is the result of a claimed but erroneous analogy to civil adversary proceedings. Such an argument implicitedly recognizes the benefit of pre-trial discovery in criminal cases to the ultimate truth seeking process but claims that such benefit

should be denied absent some reciprocity. In other words the prosecution seeks to have itself treated as just another litigant, ignoring the special position which it occupies.

As applied to the pre-trial production of written statements of witnesses or oral statements of witnesses reduced to writing, the pre-trial discovery denied by the trial court in this case, it is my opinion that the *Crawford* case is persuasive authority requiring their production. It seems to me production ought to be ordered unless the prosecution claims and proves to the satisfaction of the trial judge that the statements or some parts thereof are privileged and not subject to disclosure. A rule which makes the production of such statements dependent upon proof that such statements would be favorable to defendant or useful or necessary in the preparation of his defense imposes an impossible and impractical burden upon the defendant. Such a requirement pre-supposes that somehow or other the defendant must ascertain or know that there are such statements and what such statements might say. If the prosecution is protected with regard to privileged information, written statements and reports ought to be produced without requiring the court to determine whether such statements are favorable to the defendant or necessary or useful in preparation of the defense. Such tests do not establish criteria easy of application and the benefit derived from the application of such tests seems small if any in relation to the difficulties.

In conclusion, I believe the trial court erred when it denied defendant's pre-trial motion for production of the witnesses statements although as applied to the facts of this case such error was not prejudicial.