THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH LEE DORRIS, Defendant-Appellant.

(No. 72-265;

Third District—March 22, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Joseph Lee Dorris, the defendant, on February 11, 1970, was indicted by a grand jury of Henry County for the crime of burglary. After trial by jury he was found guilty and sentenced to a term of not less than 6 nor more than 15 years in the penitentiary.

A direct appeal of his conviction was made to this court and the judgment and sentence of the trial court was affirmed on June 15, 1971. (See *People v. Williams*, 132 Ill.App.2d 998, 271 N.E.2d 73.) The Illinois Supreme Court denied the defendant's *pro se* petition for leave to appeal on November 29, 1971.

On December 15, 1971, the defendant filed a *pro se* petition for post-conviction relief in which he alleged violations of his right to due process of law stemming from the caliber of representation provided for him by his trial counsel. Counsel was appointed to represent the defendant in his post-conviction proceedings and after hearing his petition for relief

was dismissed on June 6, 1972; however, the order of dismissal was not filed nor the defendant notified of the dismissal until September 12, 1972. A notice of appeal from the order dismissing the defendant's petition for post-conviction relief was filed on September 21, 1972, and the Illinois Defender Project was appointed to represent the defendant in this appeal. While this appeal was pending the Illinois Unified Code of Corrections was enacted.

The sole issue presented in this appeal is whether the penalty provisions of the Unified Code of Corrections are applicable to post-conviction appeals pending on the effective date of the Code.

■■ It is the defendant's contention that the sentencing provisions of the Code are applicable in such instances and therefore his sentence should be reduced. With this contention we do not agree. This precise question was presented in the case of *People v. Null* 13 Ill.App.3d 60, 299 N.E.2d 792. In *Null* the reviewing court distinguished matters involving a resentencing under the Unified Code of Corrections while a direct appeal was pending as compared to the applicability of the sentencing provisions in the Code while an appeal from a post-conviction hearing is pending. In *Null* it was held that petitions for post-conviction relief are in the form of a collateral attack upon a final judgment and not a direct appeal as is required by the ruling in *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, if the penalty provisions of the Unified Code are to be applicable to cases not finally adjudicated on the date of the enactment of the Code.

■■ In the instant case the defendant had perfected his direct appeal rights and had exhausted them as of November 29, 1971, when the Supreme Court denied his *pro se* petition for leave to appeal. The defendant's case had been finally adjudicated before the effective date of the Unified Code of Corrections and he cannot now have his sentence reviewed through the guise of an appeal from a denial of post-conviction relief. The Post-Conviction Hearing Act provides that proceedings may be brought at any time within twenty years after rendition of final judgment. (Ill. Rev. Stat. 1969, ch. 38, sec. 122—1.) The State has legitimate interest in seeking a finality of judgment and we do not deem the distinction between direct appeals and appeals from a collateral attack upon the conviction as unreasonable and arbitrary.

For the reasons set forth we decline to review the sentence imposed upon the defendant and affirm the judgment of the circuit court of Henry County which dismissed the defendant's post-conviction petition.

Affirmed.

DIXON and STOUDER, JJ., concur.