THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY P. HANKS, Defendant-Appellant.

(No. 12811; ▮▮▮▮▮▮▮)

Fourth District—May 22, 1975.

Francis J. Davis, of Auler Law Offices, of Urbana, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall, John W. Foltz, and Kai A. Wallis, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Gary P. Hanks was tried before a jury, and convicted of the crime of burglary. On October 6, 1972, he was sentenced to an indeterminate term of 1 year and 6 months to 3 years. The conviction was affirmed on direct appeal. (*People v. Hanks*, 17 Ill.App.3d 633, 307 N.E.2d 638.) Defendant filed a post-conviction petition on June 11, 1974, the People filed a motion for substitution of judge on July 22, 1974, which motion was denied on July 23, 1974, and the motion to dismiss the petition was allowed on July 23, 1974. Defendant's appeal was pend-

ing in this court as of January 1, 1973, the effective date of the Unified Code of Corrections. Ill. Rev. Stat. 1973, ch. 38, § 1008—6—1.

Burglary is a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, § 19—1(b).) The maximum term which may be imposed for a Class 2 felony is any term in excess of 1 year but not to exceed 20 years, provided that if the minimum term imposed exceeds 1 year that term shall not be greater than one-third of the maximum term imposed. Ill. Rev. Stat. 1973, ch. 38, § 19—1(b).

Defendant here contends that his direct appeal was pending on January 1, 1973, the effective date of the Unified Code of Corrections, and that under section 8—2—4, and the holdings in *People v. Harvey*, 53 Ill. 2d 585, 294 N.E.2d 269, and *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, he is entitled to have his minimum sentence reduced to one year to comply with the one-third requirement contained in section 5—8—1(c) (3) (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(3)), and that he may accomplish this result by means of a post-conviction proceeding. There being no claim that the sentence imposed was harsh, oppressive and not proportionate to the offense committed, *People v. Null*, 13 Ill.App.3d 60, 299 N.E.2d 792, and *People v. Rife*, 18 Ill.App.3d 602, 310 N.E.2d 179 dispose of this contention contrary to defendant's claim. Parenthetically we note that defendant has been granted parole upon the expiration of his minimum term and that he is presently in custody of the Chicago Metro Work Release program.

The petition was properly dismissed by the trial court without evidentiary hearing, and it is unnecessary for us to pass upon defendant's argument that the petition should have been ruled upon by the same judge who presided during the trial before the jury.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.