THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY D. HOPKINS, Defendant-Appellant.

First District (5th Division)   No. 62793

Opinion filed August 13, 1976.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant has appealed from a dismissal of his post-conviction petition in which he challenged the propriety of his sentences following his convictions for attempt rape and armed robbery. The public defender, who represents defendant on appeal, has filed a motion for leave to withdraw as counsel and a brief in support thereof, pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. Counsel concludes that the appeal is without merit. Copies of the motion and brief were forwarded to defendant, and he was advised that he might file any points in support of his position. He has not responded.

In 1970, defendant was convicted and sentenced to the penitentiary for consecutive terms of 10 to 14 years for attempt rape and 75 to 100 years for armed robbery. On January 26, 1973, the Illinois Supreme Court affirmed the convictions and sentences on direct appeal. (*People v. Hopkins*, 53 Ill. 2d 452, 292 N.E.2d 418.) The court specifically considered defendant's claim that the sentences were excessive and that their consecutive nature was improper. In resolving these contentions adversely to defendant, however, the court's opinion did not indicate that it considered the effect of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) upon the validity of the sentences. That statute became effective on January 1, 1973, shortly before disposition of defendant's direct appeal.

Our independent examination of the present record discloses that there are issues which could be presented on behalf of defendant; namely, the questions of whether he should be afforded the benefits of the Code insofar as it may affect his sentences, and whether the effect of that statute, if applicable, may be considered in a post-conviction proceeding to modify those sentences.

A defendant who was sentenced prior to the effective date of the Code may have his sentence modified in accord with its provisions if his direct appeal was pending at the time the Code became effective, as here, and its sentencing provisions would require a lesser sentence than under prior law. (*People v. Nicks*, 62 Ill. 2d 350, 353-54, 342 N.E.2d 360; *People v. Morgan*, 59 Ill. 2d 276, 283, 319 N.E.2d 764; *People v. Taylor*, 58 Ill. 2d 69, 79, 317 N.E.2d 97.) Under the Code and the attempt section of the Criminal Code which was enacted in conjunction therewith, attempt rape was treated as a Class 2 felony on January 1, 1973. (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)(2).) Because the minimum sentence may not exceed one-third the maximum term set by the court—in this case 14 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3), (c)(3)), if defendant is afforded an opportunity on post-conviction to seek a sentence modification, a reduction to a term of 4 years 8 months to 14 years would be required.

Moreover, under *Nicks*, his consecutive sentences would be made concurrent because, under the Code as originally enacted, the aggregate minimum of the consecutive sentences should not exceed twice the minimum sentence for the more serious offense (armed robbery); whereas, here it is vastly excessive.

■■ Thus, while it appears that the ameliorative effects of the Code are applicable to defendant's sentences, the question remains whether a post-conviction remedy is a proper means of obtaining relief under the circumstances of this case. We think it is.

In *People v. Ballinger*, 53 Ill. 2d 388, 390, 292 N.E.2d 400, a contention that a sentence was excessive was held not to be cognizable in post-conviction proceedings. However, we note that the sentence at issue in *Ballinger* was within the prescribed statutory limits; whereas, in the instant case, defendant's sentences were not within the statutory provisions of the Code.

We have examined those decisions which have held that a defendant may not seek a sentence modification under the Code by means of post-conviction relief (*e.g., People v. Dorris*, 17 Ill. App. 3d 966, 309 N.E.2d 40), but we have found no case which involved a defendant who had a direct appeal pending at the time the Code became effective, as was the case here. And, while *People v. Hanks*, 28 Ill. App. 3d 586, 328 N.E.2d 601, is analogous and would militate against affording relief to defendant in the instant case, that decision antedated *Nicks*, in which the court recognized that to deny the Code benefits to certain defendants whose direct appeals were pending on its effective date while affording relief to other defendants who might be similarly situated, would be tantamount to a denial of equal protection. It is on that basis that we conclude that defendant could raise a claim of substantial constitutional import cognizable in post-conviction proceedings.

■■ Moreover, we do not believe the affirmance of defendant's sentences on direct appeal would be res judicata, because the issue of applicability of the Code was not considered by the court in that appeal. In addition, it appears that the relevancy of the Code to defendant's sentence for attempt rape did not become apparent until the decisions of the supreme court in *People v. Harvey*, 53 Ill. 2d 585, 294 N.E.2d 269, and *People v. Chupich*, 53 Ill. 2d 572, 295 N.E.2d 1, which became final several months after defendant's direct appeal was resolved. In view of the foregoing and considering that the decision which vitiates the propriety of the consecutive nature of the sentences postdated defendant's direct appeal by several years, we believe that fundamental fairness requires that defendant's right to a sentence modification should not be barred by the doctrine of res judicata. *People v. Ikerd*, 47 Ill. 2d 211, 212, 265 N.E.2d 120.

■■ Thus, we hold that defendant's sentence for attempt rape must be modified to 4 years 8 months to 14 years, and this sentence, as modified, must be served concurrently with the armed robbery sentence. The motion for leave to withdraw as counsel is granted, and we remand this cause with directions to amend the mittimus in conformity with the views herein expressed.

Affirmed, sentence modified.

BARRETT and DRUCKER, JJ., concur.